Robert D. Phillips, Jr. (SBN 82639)
Linda B. Oliver (SBN 166720)
Mary C. Tsai (SBN 216963)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

Mailing Address:
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:   510.273.8832

James J. Dries (*Pro Hac Vice*)
Mark L. Karasik (*Pro Hac Vice*)
Thomas A. Doyle (*Pro Hac Vice*)
BAKER & McKENZIE LLP
One Prudential Plaza
130 E. Randolph Drive
Chicago, IL 60201

Telephone:   312.861.8000
Facsimile:   312.861.2899

Attorneys for Defendant
Conseco Insurance Company

*E-FILED 9/12/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re CONSECO INSURANCE CO. ANNUITY MARKETING & SALES PRACTICES LITIG. | Master File No. C-05-04726-RMW And Related Cases |
|---|---|
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION |

In order to protect confidential and trade secret proprietary information, good cause appearing, and based on the stipulation of the parties to this action by and through their attorneys of record, **IT IS HEREBY ORDERED AS FOLLOWS:**

This Order Regarding Confidential and Trade Secret Information ("Order") shall govern the use of confidential information produced during discovery in this proceeding. For purposes of this Order, the party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items.

1.  For the purposes of this Order, "Confidential" information means the following types of documents and information:

    (a) Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

    (b) Financial or actuary projections, analyses or studies reflecting current or future experience or actions;

    (c) Non-public communications with regulators, Departments of Insurance or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

    (d) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

    (e) Policyholder-specific information.

2.  Any party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

3.  Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

4. The designation of any material as "Confidential" pursuant to this Order shall constitute the verification of counsel for the producing party that the material constitutes Confidential information as defined in Paragraph 1 of this Order.

5. Material designated by a party or non-party or their counsel ("Designating Party") as confidential under this Order (hereinafter "Confidential Material") shall be used by persons receiving it only for the purposes of the litigation or settlement of this action. Confidential Material may be used for such other purposes or in such other actions as agreed in writing by the parties or ordered by the Court; provided, that all parties reserve their respective rights to request the Court in accordance with applicable law that any Confidential Material may be used for purposes of related actions.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

    (a) The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

    (c) The Court and any person employed or retained by the Court whose duties require access to confidential material;

    (d) Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

    (e) Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

(f) Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

(g) Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

(h) Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

(i) Such other persons as may be designated by written agreement of Counsel or by order of the Court.

7. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 6(e) through 6(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 6(e) through 6(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 15.

8. Any motion, pleading or other submission that contains or attaches Confidential Material shall be filed in compliance with Local Rule 79-5.

9. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the party that produced the Confidential Material of the disclosure.

////

////

////

////

////

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

10. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

11. Counsel for any deponent or party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until Counsel for the deponent or party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

12. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in Paragraph 6 and outside counsel for any non-party deponent (who shall first sign the Confidentiality Agreement).

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

13.  A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall provide written notice of the objection to Counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, counsel for the Designating Party shall, within twenty (20) days, provide a written response to the objecting party explaining the basis for the designation as Confidential Material; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential without a court order. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection and any response by the Designating Party. If the objecting party or person and the Designating Party are unable to resolve the issue, the Designating Party, within fourteen (14) days after serving its written response to the objection notification, may file a motion with the Court to continue the designation of the document(s) or material(s) as "Confidential Material." In deciding such a motion, the Court shall make an independent determination as to whether or not the document(s) or materials) is Confidential and is entitled to protection under applicable law. To maintain confidential status, the Designating Party shall have the burden of establishing that the document(s) or material(s) constitutes Confidential Material as defined in Paragraph 1 of this Order, and is entitled to protection under applicable law. If the Designating Party does not file a motion seeking to maintain the "Confidential Designation" within fourteen (14) days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer confidential.

14.  If any Confidential Material is inadvertently provided to a discovering party without being marked as confidential in accordance with Paragraph 3 of this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as confidential by the Designating Party, however, the discovering party shall be entitled to treat the material as non-confidential. When the material is designated as confidential, the discovering party shall take prompt steps to assure that the material is marked as confidential or returned to the Designating Party for confidential designation pursuant to Paragraph 3 of this Order. The cost, if any, for gathering and/or marking this material as confidential shall be borne by the Designating Party.

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

15. Within sixty (60) days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a party that contain Confidential Material, including all abstracts and summaries of such material, shall be destroyed or returned to Counsel for the Designating Party. Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof. Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance. Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the party requesting its return or destruction.

16. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

DATED: September 11, 2006.

BAKER & McKENZIE LLP
REED SMITH LLP

By /s/ Linda Oliver
Linda B. Oliver
Attorneys for Defendant Conseco Insurance Company

-7-

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DATED: September 11, 2006.

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
JOHN L. HAEUSSLER

By _____

402 West Broadway, Suite 850
San Diego, CA 92101
Telephone: 619/230-0800

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

Interim Co-Lead Class Counsel for Plaintiffs

IT IS SO ORDERED.

Dated: September 12, 2006

_____
Richard Seeborg
United States Magistrate Judge

— 8 —

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

Case Name:       In re CONSECO INSURANCE CO. ANNUITY MARKETING & SALES PRACTICES LITIGATION

Case Number:     Master File No. C-05-04726-RMW And Related Cases

1. I, _____, have read and understand the Stipulation and Order Regarding Confidential and Trade Secret Information (the "Order") in this action, dated __, 2006, and agree to be bound by its terms.

2. As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these agreements and the Order.

Executed this ___ day of _____, ___.

_____
[Signature]

_____
[Type or Print Name]

DOCSOAK-9844768.1-LOLIVER