**E-FILED on** ___2/12/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CONSECO INSURANCE CO. ANNUITY MARKETING & SALES PRACTICES LITIG., <br><br> This document relates to: <br><br> BOTH ACTIONS | No. C-05-04726 RMW; <br> No. C-06-00537 RMW <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE <br><br> **[Re Docket Nos. 49, 64-66, 69, 70]** |

Defendant Conseco Insurance Company moves to dismiss all causes of action in the operative complaint. For the reasons set forth below, the court grants the motion in part and denies it in part. The court also denies plaintiffs' motion to strike.

## I. BACKGROUND

The parties stipulated to consolidate two actions separately filed by Robert Hansen and Friou Jones. The operative complaint is styled as a "Consolidated and Amended Class Action Complaint"[1] ("CACAC") and contains nine enumerated claims for relief. The two named plaintiffs are Hansen, a resident of California, and Jones, a resident of Florida. The following facts are taken from the CACAC and are assumed to be true for the purposes of Conseco's motion to dismiss.

---

[1] No class has been certified under Rule 23.

Hansen purchased a Conseco annuity in March 2000, financing the purchase by selling an annuity issued by another company. Hansen's Conseco annuity will mature in 2027 and withdrawals before 2015 will incur substantial penalties. Hansen was sixty-eight years old when he purchased his annuity from Conseco.[2] In 2003, Jones purchased a Conseco annuity, financing the purchase by selling an annuity issued by another company. Jones's Conseco annuity will take five years to vest and Jones will be eighty-six years old when it does. Penalties for substantial withdrawals remain in effect for another four years thereafter.

Conseco, the sole defendant, sells annuities. Conseco, according to plaintiffs, engages in a wide variety of unsavory practices when marketing annuities to persons sixty-five years of age and older. Conseco and its sales agents purposefully misrepresent the characteristics of the deferred annuities they sell to older persons. The gravamen of plaintiffs' case is that Conseco's deferred annuities are generally inappropriate for people over sixty-five years of age because an older person who buys a deferred annuity is likely to die before it fully vests; this makes such an annuity a poor investment vehicle, and persons sixty-five and older would not buy these annuities if Conseco adequately disclosed the terms of the annuities before purchase.

## II. ANALYSIS

**A.   General Arguments for Dismissal**

    **1.   Extraterritorial Application of California Law**

Conseco moves to dismiss all Jones's claims based on California statutes. Conseco argues that Jones, a Florida resident, has pled no connection between Conseco's conduct regarding him and California, making application of California law to Jones's claims impermissible. Jones has withdrawn his claims for financial elder abuse, unfair competition, false or misleading advertising, and fraudulent concealment. Those four causes of action are, therefore, dismissed with prejudice as to Jones.

---

[2] Hansen's age does not appear in the operative complaint. However, in his initial complaint, he stated that he was sixty-eight years old when he purchased the Conseco annuity.

### 2. *Burford* Abstention

Under the doctrine of *Burford* abstention, federal courts should decline to exercise jurisdiction where necessary to avoid interference with a complex scheme of state administrative regulation. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Supreme Court has summarized the doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Public Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) (internal quotation marks omitted). The doctrine is applicable only to suits for equitable or other discretionary relief; it cannot be applied to a suit for damages. *See United States ex rel. ACCA Constr. Servs., LLC v. F.A.S. Dev. Co.*, 304 F. Supp. 2d 1359, 1362 (N.D. Ga. 2004). Although plaintiffs have indicated they may seek class certification at least in part under Rule 23(b)(2),[3] this appears to be in large part an action for monetary damages. This is, therefore, not a situation for the court to decline to exercise jurisdiction under *Burford*.

### 3. Primary Jurisdiction

In a case involving a complaint very similar to the one in this case (and the same law firm on each side), the Central District of California ruled that abstention under the primary jurisdiction doctrine was inappropriate. *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1098, 1104-06 (C.D. Cal. Jun. 12, 2006) (Snyder, J.). The court's detailed analysis there is equally applicable to Conseco's argument here, and Conseco's motion to dismiss under the primary jurisdiction doctrine is likewise denied.

### B. Arguments for Dismissal Specific Claims for Relief

The court will otherwise analyze Conseco's motion to dismiss claim by claim.

---

[3] A class may be certified under Rule 23(b)(2) where a defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

United States District Court
For the Northern District of California

### 1. Racketeering

Plaintiffs' first cause of action is for violations of the Rackeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1962(a)-(d).  "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

#### a. Pleading Requirements

Title 18 U.S.C. § 1962(a) provides, in part:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The Ninth Circuit addressed the heightened pleading burden of § 1962(a) in *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102 (9th Cir. 2003).  In order for a plaintiff "to have standing to sue under §§ 1962(a) and 1964(c), he must have alleged that funds derived from the alleged racketeering activity . . . were used to injure him." *Wagh*, 348 F.3d at 1110.  Plaintiffs' argument that they need not "specifically allege a distinct investment injury," Opp'n at 14, is contrary to *Wagh*.[4]  Plaintiffs therefore lack standing to sue under § 1692(a).

Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The Ninth Circuit has explained that

> In order to plead a Section 1962(c) violation, [a plaintiff] must allege that [the defendants] were associated with an 'enterprise' within the meaning of RICO.  The definition of 'enterprise' encompasses both groups with a formal legal structure and those whose members merely associate in fact.  Either way, however, a group does

---

[4] Plaintiffs seem to recognize this, arguing that "plaintiffs have sufficiently alleged injury arising from defendant's 'use' of racketeering income, at least on a class-wide basis." Opp'n at 15.  However, there must be a named plaintiff with standing to bring a claim before the court can consider putative class members.  *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE—No. C-05-04726 RMW; No. C-06-00537 RMW
JAH                                                                      4

> not constitute an enterprise unless it exists independently from the racketeering activity in which it engages. At minimum, it must have some sort of structure for the making of decisions and some mechanisms for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis. A group whose members collectively engage in an illegal act, in-and-of-itself, does not constitute an 'enterprise' for the purposes of RICO.

*Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir. 2000) (citations, ellipses, and some quotation marks omitted). Allegations that defendants merely collaborated on a fraudulent scheme are insufficient. *Id*. at 1083-84. "[T]he involvement of a corporation, which has an existence separate from its participation in the racketeering activity, can satisfy the enterprise element's requirement of a separate structure." *Chang v. Chen*, 80 F.3d 1293, 1300 (9th Cir. 1996). "At a minimum, to be an enterprise, an entity must exhibit some sort of structure for the making of decisions, whether it be hierarchical or consensual." *Id*. at 1299 (quotation marks and ellipses omitted). "The structure should provide some mechanism for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis." *Id*. (quotation marks omitted). The Supreme Court has also stated that liability under § 1962(c) "depends on showing that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). To summarize, plaintiffs cannot satisfy the requirement that they plead an enterprise merely by pleading that a corporation participated in the alleged enterprise or that the business of the enterprise is co-extensive with the ordinary business of the defendant.

Yet plaintiffs here argue that they may do precisely that. Plaintiffs plead the existence of an "Elder Abuse Annuity Enterprise" which "functions by providing financial, long-term care or estate planning, consultation, advice and related services, as well as deferred annuity products," many of which "are legitimate and non-fraudulent." CACAC ¶ 71. Plaintiffs have, in essence, admittedly pled that the business of the alleged enterprise is also the ordinary business of Conseco and its affiliates. Plaintiffs have not sufficiently pled a § 1962 claim.

Although stating it contests plaintiff's claim under § 1962(b), Conseco does not present any argument that plaintiffs' cause of action does not satisfy the requirements of § 1962(b). Plaintiffs' RICO cause of action, therefore, will not be dismissed as insufficiently pled.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE—No. C-05-04726 RMW; No. C-06-00537 RMW
JAH                                                      5

### b. Statute of Limitations

The statute of limitations for RICO claims is four years. In the Ninth Circuit, "a civil RICO cause of action arises when the plaintiff knows or should know that she has been injured." *Grimmett v. Brown*, 75 F.3d 506, 512 (1996). This is known as the "injury discovery rule." *Id*. at 510. "The plaintiff need not discover that the injury is part of a pattern of racketeering for the period to begin to run." *Id*. (quotation marks omitted). Ordinarily, "the question of whether a plaintiff knew or should have become aware of a fraud" is a question of fact for a jury. *Living Designs*, 431 F.3d at 361.

Hansen purchased his annuity in 2000 and sold it in 2004. If he knew or should have known of his injury at the time of purchase, his claim is time-barred. Hansen argues that he was unaware of Conseco's fraudulent conduct until he sold his Conseco annuity. Conseco's arguments for dismissal are based primarily on *Acebey v. Shearson Lehman Bros*., 62 F.3d 1423 (Table), 1995 WL 470857 (9th Cir. 1995). *Acebey* is not citable and the court will therefore not consider Conseco's arguments for dismissal of Hansen's RICO claim as untimely.[5]

Conseco's motion to dismiss plaintiffs' RICO cause of action based upon §§ 1962(b) and (d) is denied. Plaintiffs' claims under §§ 1962(a) and (c) are dismissed with leave to amend.[6]

### 2. Financial Elder Abuse

California's Elder Abuse Act is codified as California Welfare and Institutions Code §§ 15600-15675. Hansen's second cause of action is for financial elder abuse in violation of § 15610.30, which provides in pertinent part:

> (a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

---

[5] In any event, the court cannot say as a matter of law that Hansen should have known in 2000 of his alleged injury. *See Living Designs*, 431 F.3d at 361.

[6] If plaintiffs amend their complaint, for clarity, violations of different subsections of § 1962 should be pled as separate RICO counts.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE—No. C-05-04726 RMW; No. C-06-00537 RMW
JAH                                             6

> (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.
>
> (b) A person or entity shall be deemed to have taken, secreted, appropriated, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates or retains possession of property in bad faith.
>
> > (1) A person or entity shall be deemed to have acted in bad faith if the person or entity knew or should have known that the elder or dependent adult had the right to have the property transferred or made readily available to the elder or dependent adult or to his or her representative.

Conseco argues that financial elder abuse must be proven by clear and convincing evidence. Hansen does not dispute that this is true. In *Benun v. Superior Court*, the California Court of Appeal stated, "To establish elder abuse, a plaintiff must show defendant was guilty of 'recklessness, oppression, fraud, or malice in the commission of [physical, neglectful, or financial elder abuse].' (Welf. & Inst.Code, § 15657.)" *Benun*, 123 Cal. App. 4th 113, 119 (2004).

Hansen does argue that he has adequately pled financial elder abuse and that his evidentiary burden is not relevant on a motion to dismiss. In the complaint, Hansen basically states that Conseco agents bamboozled him into purchasing a Conseco annuity, which then subjected him to early withdrawal penalties, fees, and arbitrarily-capped interest rates. It is not impossible for Hansen to present facts and convince a jury that the annuity transaction resulted in wrongful retention (or retention with fraudulent intent) of Hansen's funds by Conseco.

Conseco also argues that the complaint discloses that the statute of limitations has run on this cause of action. Conseco argues that the statute of limitations for financial elder abuse is the general one of California Code of Civil Procedure § 338(a), three years, and Hansen does not contest this. Hansen instead argues that he was not aware of his cause of action until 2004, making this cause of action timely.

Generally, California law allows tolling of the statute of limitations under the discovery rule; that is, "the statute of limitations does not begin to run until the plaintiff discovered or had notice of all facts which are essential to the cause of action." *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296 (1978). The rationale behind this exception is that statutes of limitations "should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could

reasonably be expected to discover its existence." *Id.* at 297.  "In order to invoke this special defense to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.*  "Resolution of a statute of limitations defense normally is a factual question for the trier of fact." *City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 582 (1994).  However, "[m]ere conclusory assertions that delay in discovery was reasonable are insufficient." *Saliter*, 81 Cal. App. 3d at 297.

The allegations in the complaint that Hansen did not discover his cause of action until 2004 are conclusory.  Hansen merely states that "[d]ue to his age and other factors, including without limitation, the concealment and other misconduct by defendant and its sales agents, including Zehner, Mr. Hansen did not discover until 2004 that the Conseco deferred annuity product recommended and sold to him w[as] wholly unsuitable for his insurance and financial needs."  CACAC ¶ 66.  As the CACAC on its face suggests that Hansen's claim is untimely, it is one upon which relief cannot be granted.  Conseco's motion to dismiss Hansen's financial elder abuse cause of action is granted with leave to amend to plead facts that show the statute of limitations has not run.

### 3.     **Unfair Competition**

Hansen's third cause of action is for unfair competition in violation of California Business and Professions Code § 17200 ("UCL").  Hansen purchased an annuity from Conseco in 2000 and filed his initial complaint in 2005; Hansen states that he discovered his claims against Conseco in 2004.  Conseco argues that Hansen's UCL claim is barred by the four-year statute of limitations.  As the California Court of Appeal has noted:

> An action for unfair competition under Business and Professions Code section 17200 "shall be commenced within four years after the cause of action accrued." (Bus. & Prof. Code, § 17208.)  The "discovery rule," which delays accrual of certain causes of action until the plaintiff has actual or constructive knowledge of facts giving rise to the claim, does not apply to unfair competition actions.

*Snapp & Assocs. Ins. Servs. v. Robertson*, 96 Cal. App. 4th 884, 891 (2002).  That Hansen has alleged he did not discover his UCL claim against Conseco until 2004 is therefore irrelevant; the statute of limitations ran in 2004, before Hansen filed suit.  Conseco's motion to dismiss Hansen's UCL cause of action is therefore granted.  Hansen cannot overcome the statute of limitations defect

by alleging late discovery of his claim.  Therefore, he is given leave only to state facts that show fraudulent concealment of the basis of his claim.  *See Gibson v. U.S.*, 781 F.2d 1334, 1345 (9th Cir. 1986).

### 4. False or Misleading Advertising

Hansen's fourth cause of action is for false or misleading advertising, in violation of California Business and Professions Code § 17500.  Conseco argues that the same statute of limitations that applies to UCL claims applies to false or misleading advertising claims and that the discovery rule is again inapplicable.  Hansen does not contest this.  Hansen's false or misleading advertising cause of action is therefore dismissed with leave to amend.

### 5. Breach of Fiduciary Duty

Plaintiffs' fifth cause of action is for common-law[7] breach of fiduciary duty.  The elements of this cause of action under California law are (1) "the existence of a fiduciary relationship," (2) breach of that fiduciary relationship, and (3) "damage proximately caused by that breach."  *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991).

Conseco argues that this claim is subject to the four-year statute of limitations of California Code of Civil Procedure § 343, which Hansen does not dispute.[8]  As Hansen purchased his Conseco annuity in 2000, the statute of limitations on his claim presumptively ran in 2004.[9]  Hansen's claim that he could not discover the harm Conseco caused him earlier is conclusory and therefore legally

---

[7] A federal court sitting in diversity applies the choice-of-law rules of the forum state, here, California.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1506 (9th Cir. 1993).  California courts use "governmental interest" analysis to determine which jurisdiction's law to apply.  *Id.*  Presumptively, California law applies; a California court will use the law of another jurisdiction only if a party shows that the law of that other jurisdiction is materially different from California law and that that other jurisdiction has a greater interest in having its law applied than does California.  *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989).  Plaintiffs do not in their complaint state what law their breach of fiduciary duty claim is based upon, but a California court would apply the California common law of breach of fiduciary duty.

[8] Section 343 sets a four-year statute of limitations for causes of action "not hereinbefore provided for."

[9] Jones purchased his Conseco annuity in 2003, and Conseco does not argue that his claim for breach of fiduciary duty is barred by the statute of limitations.

insufficient. *See* CACAC ¶ 66. Conseco's motion to dismiss Hansen's breach of fiduciary duty claim as time-barred is granted with leave to amend. *See Saliter*, 81 Cal. App. 3d at 297.

Conseco also argues that California law does not impose on an insurer a fiduciary duty towards an insured. In another context, the California Court of Appeal has stated as much: "The relationship between an insurer and a prospective insured is not a fiduciary relationship." *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Co.*, 62 Cal. App. 4th 1166, 1173 (1998). Likewise, another district court has determined that, as a matter of California law, an insured cannot maintain a claim against an insurer for breach of fiduciary duty. *See Almon v. State Farm Fire & Cas. Co.*, 724 F. Supp. 765, 766 (S.D. Cal. 1989). The most recent discussion of this issue by a California court that the parties mentioned is *Tran v. Farmers Group, Inc.*, where the California Court of Appeal stated that "California courts have refrained from characterizing the insurer-insured relationship as a fiduciary one." 104 Cal. App. 4th 1202, 1211 (2002).

Plaintiffs argue that under California law, an insurer owes an insured duties akin to those that arise in a fiduciary relationship. The court in *Tran* acknowledged this but nonetheless explained

> [The California] Supreme Court declared: "The insurer-insured relationship is not a true fiduciary relationship in the same sense as the relationship between trustee and beneficiary, or attorney and client. It is, rather, a relationship often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. This characteristic has led the courts to impose special and heightened duties, but while these special duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, not because the insurer is a fiduciary."
>
> We agree with the authorities suggesting that an insurer's breach of its fiduciary-like duties is adequately redressed by a claim for breach of the covenant of good faith and fair dealing implied in the insurance contract.

*Id.* at 1212 (citations, brackets, ellipses and some quotation marks omitted). Therefore, as a matter of California law, no true fiduciary duty arises from the insurer-insured relationship and an insured therefore cannot maintain a claim for breach of fiduciary duty based solely on the insurer-insured relationship.

Plaintiffs also argue that the relationship between Conseco and the plaintiffs was more than just an insurer-insured relationship. Plaintiffs claim that Conseco was aware that its affiliated agents did such things as hold "estate planning seminars" to "to gain the trust of seniors by presenting

themselves as expert financial advisors." CACAC ¶ 34. Even though as a matter of California law an insurer does not owe an insured a fiduciary duty, the insurer-insured relationship does not prevent the formation of a fiduciary relationship based on other acts or representations. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998). A fiduciary relationship may arise where one holds himself out as acting in a position of trust, such as an agent or stockbroker. *See*, *e.g.*, *Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal. App. 2d 690, 709 (1968).

However, nowhere in the complaint do the plaintiffs allege Conseco itself did anything or held itself out in a manner that would lead to imposition of a fiduciary relationship upon it. In *Migliaccio*, the court denied the defendant insurance companies' motion to dismiss a breach of fiduciary duty claim in part because the plaintiffs there alleged that the insurance companies "trained their sales agents to lure seniors citizens [sic] into their confidence by offering assistance with estate and financial planning." 436 F. Supp. 2d at 1108. The CACAC, however, does not contain similar allegations of any direct action taken by Conseco. There is thus no basis for imposing any fiduciary duty to plaintiffs upon Conseco, and Conseco's motion to dismiss this claim as to both plaintiffs is granted on this alternative ground.

### 6. Aiding and Abetting Breach of Fiduciary Duty

Plaintiffs' sixth cause of action is for common-law aiding and abetting breach of fiduciary duty. Plaintiffs allege that Conseco and unnamed independent marketing organizations ("IMOs") worked together to breach their fiduciary duties to Hansen and Jones.

In California, a claim for aiding and abetting a tort requires two things: knowledge of the underlying tort, and substantial assistance in its commission. "Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person . . . knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994). Or, as another court put it, "California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1147 (2005).

*United States District Court*
*For the Northern District of California*

The parties' arguments regarding dismissal on statute-of-limitations grounds of Hansen's aiding and abetting claim are identical to their arguments on the breach of fiduciary duty claim. For the reasons stated in the previous section, Conseco's motion to dismiss Hansen's aiding and abetting claim as time-barred is granted with leave to amend.

Jones alleges that Peter Cataldo, "a duly-appointed Conseco sales agent," convinced Jones to purchase a Conseco annuity by not disclosing to Jones that the annuity "had a minimum holding period of five years." CACAC ¶¶ 10, 56. However, under this claim for relief, plaintiffs claim only that IMOs, rather than individual sales agents, acted in concert with Conseco. As pled, Jones cannot recover for aiding and abetting a breach of fiduciary duty, and Conseco's motion to dismiss is granted as to that claim.

### 7. Fraudulent Concealment

Hansen's seventh cause of action is for fraudulent concealment, in violation of California Civil Code § 1710. Conseco argues that this claim is time-barred. California Code of Civil Procedure § 338(d) provides a three-year statute of limitations for actions based on "fraud or mistake." As a matter of California law, if the complaint discloses that a fraud claim was filed outside of the limitations period, a plaintiff must "affirmatively allege facts in his complaint showing that he was not negligent in failing to make discovery sooner" or "affirmatively establish facts in his complaint that he was not on inquiry notice," otherwise the complaint is subject to dismissal at the pleading stage. *See Denholm v. Houghton Mifflin Co.*, 912 F.2d 357, 362 (9th Cir. 1990).

In *Denholm*, the Ninth Circuit held that the following pleading was too conclusory and thus legally insufficient to avoid dismissal: "Plaintiff discovered the fraud in March, 1984 when he learned that Defendants published a new mathematics program employing different authors. Prior to March, 1984, Plaintiff had no reason to suspect that Defendants would not employ him as promised." *Id*. Hansen's attempt to plead around the statute of limitations is similarly conclusory: "Due to his age and other factors, including without limitation, the concealment and other misconduct by defendant and its sales agents, including Zehner, Mr. Hansen did not discover until 2004 that the Conseco deferred annuity product recommended and sold to him were [sic] wholly

1 unsuitable for his insurance and financial needs.  At such time, Mr. Hansen terminated his Conseco
2 annuity and was assessed a substantial surrender charge by defendant which further damaged
3 plaintff."  CACAC ¶ 66.  Conseco's motion to dismiss Hansen's fraudulent concealment claim as
4 untimely is therefore granted.

### 8. Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs' eighth cause of action is for breach of the implied covenant of good faith and fair dealing.  In their complaint, plaintiffs allege that the adverse financial effects they suffered at the hands of Conseco from the purchase of Conseco annuities were allowed by (albeit undisclosed) terms of the annuity contracts.  *See* CACAC ¶¶ 44-46.  That the terms of the contact were highly unfavorable to plaintiffs cannot constitute a breach of the implied covenant.  *See Guz v. Bechtel Nat'l, Inc*., 24 Cal. 4th 317, 349-50 (2000); *Carma Developers (Cal.) v. Marathon Dev. Cal*., 2 Cal. 4th 342, 374 (1992).

However, plaintiffs argue that this cause of action is based at least in part on an alleged violation of California Insurance Code § 785(a), which provides that "All insurers, brokers, agents, and others engaged in the transaction of insurance owe a prospective insured who is 65 years of age or older, a duty of honesty, good faith, and fair dealing.  This duty is in addition to any other duty, whether express or implied, that may exist."  Plaintiffs also claim California Insurance Code § 332 imposes duties on Conseco; that section provides that "Each party to a contract of insurance shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining."

Jones, however, has alleged no connection between his claims and California; he therefore cannot rely on California statutes in this action.  *See Diamond Multimedia Sys. v. Superior Court*, 19 Cal. 4th 1036, 1059 n.20 (1999).  Jones therefore has no basis for a claim for a breach of the implied covenant.

Conseco argues that this cause of action is subject to a two-year statute of limitations, which plaintiffs do not contest.  A breach of the implied covenant is subject to a two-year statute of limitations.  *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 144 n.4 (1990).  Insurance Code

§ 785(a) applies to "prospective" insurers; any breach therefore had to occur before Hansen purchased a Conseco annuity in 2000. However, as Hansen sold his Conseco annuity in 2004 and filed suit in 2005, the court cannot say that as a matter of law any breach of Insurance Code § 332 occurred more than two years before Hansen initiated this action. Although not detailed, Hansen has alleged that certain relevant facts were not disclosed to him by Conseco. *See* CACAC ¶¶ 63-65.

### 9. Unjust Enrichment or Constructive Trust

Plaintiffs have captioned their last cause of action "Unjust Enrichment and Imposition of Constructive Trust."[10] Conseco moves to dismiss this claim as to Hansen as barred by the four-year statute of limitations of California Code of Civil Procedure § 343.[11] As Hansen purchased his Conseco annuity in 2000, the statute of limitations on his claim presumptively ran in 2004.[12] Hansen's claim that he could not discover the harm Conseco caused him earlier is conclusory and therefore legally insufficient. *See* CACAC ¶ 66. Conseco's motion to dismiss Hansen's unjust enrichment claim as time-barred is granted.

Conseco argues that as Jones has withdrawn his California statutory claims, his California common-law claims must be dismissed as well. Conseco cites to *Mitchell v. National Automobile & Casualty Insurance Co.*, 38 Cal. App.3d 599, 606 (1974), in support of this proposition. The court in *Mitchell* stated that "when a common count is based upon the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer." *Id*. As Jones's statutory claims were withdrawn rather than dismissed, *Mitchell* is inapplicable and Conseco's motion to dismiss this claim is denied as to Jones.

---

[10] Imposition of a constructive trust is a remedy for fraud. "A constructive trust is an equitable remedy preventing unjust enrichment, compelling the restoration of property to another when it has been acquired through fraud . . . unless the holder has some other or better right to the property." *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal. App. 3d 1139, 1154 (1989) (citations omitted). A constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the right of a complaining party to that *res*; and (3) some wrongful acquisition or detention of the *res* by another party who is not entitled to it. *Communist Party v. 522 Valencia, Inc*., 35 Cal. App. 4th 980, 990 (1995).

[11] The court notes that the parties gave scant attention to this cause of action in their briefs.

[12] Jones purchased his Conseco annuity in 2003, and Conseco does not argue that his claim for unjust enrichment is barred by the statute of limitations.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STRIKE—No. C-05-04726 RMW; No. C-06-00537 RMW
JAH                                  14

**C.      Motion to Strike**

In its motion to dismiss, Conseco included a section entitled "INTRODUCTION AND STATEMENT OF ASSUMED FACTS."  Plaintiffs move under Rule 12(f) to strike the factual allegations introduced in Conseco's motion to dismiss.  As the court has not relied on any of these extraneous factual assertions in ruling on Conseco's motion to dismiss, plaintiffs' motion to strike is denied as moot.  *See Migliaccio*, 436 F. Supp. 2d at 1109-10.  In any event, a motion is not a pleading and therefore may not be, under the express language of Rule 12(f), the subject of a motion to strike.  *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983).

**D.      Requirements of Future Complaints**

Although the court is requiring more specificity, this does not mean that the complaint should be longer.  In fact, it should be substantially shorter.

**1.      Rule 9(b)**

At the hearing on these motions, plaintiffs insisted that this is, at heart, a fraudulent nondisclosure case.  It appears, however, that this case turns in part on some disclosure.  Rule 9(b) requires that "all averments of fraud . . . be stated with particularity."  As the Ninth Circuit has explained, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996).

For example, here plaintiffs need to provide details along the lines of the following: "On November 2, 2000, Jenkins said to Smith that the ABC annuity would be a good investment because it paid at least 3 percent interest tax-free and could be redeemed at any time.  Jenkins knew when he made these statements but did not tell Smith that ABC retained complete discretion to adjust the rate above 3 percent; ABC rarely paid interest above 3.5 percent; ABC had never paid interest above 4 percent; ABC charged various expenses to annuitants, such as management salaries, trading fees, and administrative overhead, reducing the rate of return; the rate of return for the ABC annuity for the preceding four years had been from -1.7 to 2.1 percent; and only annuitants with net worths of less that $200,000 were eligible for the tax-exempt feature fo the ABC annuity.

### 2.   Statute of Limitations

If plaintiffs wish to have an applicable statute of limitations tolled, they must allege *facts* explaining why the statute of limitations should be tolled either under the late discovery rule or because there was a fraudulent disclosure.

### III.  ORDER

For the foregoing reasons, Conseco's motion to dismiss is

1. denied as to the RICO cause of action under 18 U.S.C. §§ 1962(b) and (d) and granted as to claims under §§ 1962(a) and (c) (if plaintiffs amend their complaint, violations of different subsections of 18 U.S.C. § 1962 should be pled as a separate counts);
2. granted as to the financial elder abuse cause of action, with leave to amend as to Hansen;
3. granted as to the UCL cause of action with leave to amend as to Hansen;
4. granted as to the false advertising cause of action with leave to amend as to Hansen;
5. granted without prejudice as to the breach of fiduciary duty cause of action;
6. granted without prejudice as to the aiding and abetting a breach of fiduciary duty cause of action;
7. granted as to the fraudulent concealment cause of action, with leave to amend as to Hansen;
8. denied as to Hansen and granted without prejudice as to Jones on the breach of the duty of good faith and fair dealing cause of action; and
9. granted without prejudice as to Hansen and denied as to Jones on the unjust enrichment cause of action;

and plaintiffs' motion to strike is denied.

DATED:    2/12/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Andrew S. Friedman | afriedman@bffb.com |
| Elaine A. Ryan | |
| Howard D. Finkelstein | fk@classactionlaw.com |
| John J. Stoia, Jr. | jstoia@lerachlaw.com |
| Michael D Thamer | |
| Patricia N. Syverson | |
| Phong L. Tran | ptran@lerachlaw.com |
| Rachel Lynn Jensen | rachelj@lerachlaw.com |
| Steven M. Jodlowski | sjodlowski@lerachlaw.com |
| Theodore Joseph Pintar | TedP@lerachlaw.com |
| Ingrid M. Evans | ievans@publiclawgroup.com |
| Stephen R. Basser | sbasser@barrack.com |
| Christa L. Collins | |
| J. Andrew Meyer | |
| John A. Yanchunis | |
| Louise H. Renne | |
| Helen I. Zeldes | helenz@lerachlaw.com |

**Counsel for Defendant:**

| | |
|---|---|
| James J Dries | James.J.Dries@bakernet.com |
| Mark L Karasik | Mark.L.Karasik@bakernet.com |
| Thomas A. Doyle | Thomas.A.Doyle@bakernet.com |
| Heather B. Hoesterey | hhoesterey@reedsmith.com |
| Linda B. Oliver | LOliver@ReedSmith.com |
| Robert D. Phillips, Jr. | RPhillips@ReedSmith.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/12/07                    /s/ MAG
                                      **Chambers of Judge Whyte**