1   ROBBINS GELLER RUDMAN
       & DOWD LLP
2   JOHN J. STOIA, JR. (141757)
    THEODORE J. PINTAR (131372)
3   PHONG L. TRAN (204961)
    RACHEL L. JENSEN (211456)
4   STEVEN M. JODLOWSKI (239074)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    jstoia@rgrdlaw.com
7   tpintar@rgrdlaw.com
    ptran@rgrdlaw.com
8   rjensen@rgrdlaw.com
    sjodlowski@rgrdlaw.com
9
    BARRACK, RODOS & BACINE
10  STEPHEN R. BASSER (121590)
    SAMUEL M. WARD (216562)
11  600 West Broadway, Suite 900
    San Diego, CA  92101
12  Telephone:  619/230-0800
    619/230-1874 (fax)
13  sbasser@barrack.com
    sward@barrack.com
14
    Interim Co-Lead Counsel for Plaintiff
15
    [Additional counsel appear on signature page.]
16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                          SAN JOSE DIVISION
19
    In re CONSECO INSURANCE CO.        )   No. C-05-04726-RMW
20  ANNUITY MARKETING & SALES          )
    PRACTICES LITIG.                   )   CLASS ACTION
21  _____)
                                       )   PLAINTIFF'S NOTICE OF MOTION AND
22  This Document Relates To:          )   MOTION FOR PRELIMINARY APPROVAL
                                       )   OF CLASS ACTION SETTLEMENT,
23          ALL ACTIONS.               )   CONDITIONAL APPROVAL OF
                                       )   SETTLEMENT CLASS, ISSUANCE OF
24  _____)   NOTICE TO THE CLASS, AND SETTING OF
                                           FAIRNESS HEARING AND MEMORANDUM
25                                         OF POINTS AND AUTHORITIES IN
                                           SUPPORT THEREOF
26
                                           DATE:    April 22, 2011
27                                         TIME:    9:00 a.m.
                                           CTRM:    6, 4th Floor
28                                         JUDGE:   The Honorable Ronald M. Whyte

618064_1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. SUMMARY OF THE LITIGATION ....................................................................3

    A. Plaintiff's Position .......................................................................................3

    B. Defendants' Position ....................................................................................3

    C. Procedural Posture of the Case as of the Settlement....................................3

    D. Mediation and Negotiation of the Settlement .............................................4

III. SUMMARY OF THE SETTLEMENT ..................................................................4

    A. The Proposed Settlement Class....................................................................4

    B. Economic Value of the Settlement to Class Members.................................5

        1. Account Value Bonus ........................................................................5

        2. Annuitization Bonus ..........................................................................6

        3. Bonus for Surrendered Annuities.......................................................6

        4. Enhanced Death Benefit .....................................................................6

    C. Class Notice .................................................................................................7

    D. Release and Waiver......................................................................................7

    E. Appointment of the Class Representative and Class Counsel and Payment of Attorneys' Fees, Costs and Service Award Payment to the Class Representative .......................................................................................8

IV. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL .................9

    A. The Settlement Is Fair, Reasonable and Adequate, and It Is Within the Range of Possible Approval...........................................................................9

        1. The Settlement Is the Product of Serious, Informed and Non-Collusive Negotiations................................................................10

        2. The Proposed Settlement Has "No Obvious Deficiencies" .......................11

        3. The Proposed Relief Does Not "Grant Preferential Treatment to Class Representatives"....................................................................11

        4. The Proposed Relief Is Within the "Range of Possible Approval" ...........12

    B. The Court Should Conditionally Certify the Settlement Class............................14

**Page**

    1.    The Requirements of Rule 23(a) Are Met ................................................14

        a.    Rule 23(a)(1) Is Satisfied ...........................................................14

        b.    Rule 23(a)(2) Is Satisfied ...........................................................14

        c.    Rule 23(a)(3) Is Satisfied ...........................................................15

        d.    Rule 23(a)(4) Is Satisfied ...........................................................15

    2.    The Requirements of Rule 23(b)(3) Are Met .........................................16

        a.    Common Questions of Law and Fact Predominate ......................16

        b.    A Class Action Is Superior to Individual Actions ........................16

        c.    The Court Should Appoint Lead Counsel as Counsel for the Settlement Class...................................................................17

        d.    The Proposed Class Notice Satisfies Rules 23 and All Due Process Requirements ...............................................................17

V.    CONCLUSION........................................................................................18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW

- ii -

1

## TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*Adams v. Inter-Con Sec. Sys., Inc.,*
5     No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)......................................10

6

*Amchem Prods., Inc. v. Windsor,*
     521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 687 (1997).......................................................16

7

*Blackie v. Barrack,*
8     524 F.2d 891 (9th Cir. 1975) ...................................................................................................14

9

*Buoniconti v. Bankers Sec. Life Ins. Soc'y.,*
     No. 81 C 6630, 1985 WL 1377 (N.D. Ill. May 16, 1985) .......................................................16
10

11

*Chisolm v. TranSouth Fin. Corp.,*
     194 F.R.D. 538 (E.D. Va. 2000) ..............................................................................................16

12

*Class Plaintiffs v. Seattle,*
13     955 F.2d 1268 (9th Cir. 1992) ...................................................................................................9

14

*Hanlon v. Chrysler Corp.,*
     150 F.3d 1011 (9th Cir. 1998) ...............................................................................................9, 10
15

16

*In re Activision Sec. Litig.,*
     723 F. Supp. 1373 (N.D. Cal. 1989) ........................................................................................11

17

*In re Adobe Sys., Inc. Sec. Litig.,*
18     139 F.R.D. 150 (N.D. Cal. 1991)..............................................................................................14

19

*In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.,*
     263 F.R.D. 226 (E.D. Pa. 2009)................................................................................................12
20

21

*In re CV Therapeutics, Inc. Sec. Litig.,*
     No. C-03-3709 SI, 2007 WL 1033478
22     (N.D. Cal. Apr. 4, 2007) ...........................................................................................................11

23

*In re Emulex Corp. Sec. Litig.,*
     210 F.R.D. 717 (C.D. Cal. 2002)........................................................................................14, 15
24

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*
25     55 F.3d 768 (3d Cir. 1995).....................................................................................................9, 17

26

*In re Heritage Bond Litig.,*
     No. 02-ML-1475 DT, 2005 WL 1594403
27     (C.D. Cal. June 10, 2005) .........................................................................................................11

28

1

2                                                                                          **Page**

3   *In re Indep. Energy Holdings PLC,*
        No. 00 Civ. 6689(SAS), 2003 WL 22244676
4       (S.D.N.Y. Sept. 29, 2003).................................................................................................10

5   *In re Mego Fin. Corp. Sec. Litig.,*
        213 F.3d 454 (9th Cir. 2000) ..........................................................................................11
6

7   *In re NVIDIA Deriv. Corp. Litig.,*
        No. C-06-06110-SBA (JCS), 2008 WL 5382544
8       (N.D. Cal. Dec. 22, 2008) ................................................................................................9

9   *In re OCA, Inc. Sec. & Deriv. Litig.,*
        No. 05-2165, 2008 WL 4681369 (E.D. La. Oct. 17, 2008) ..................................................18
10

11  *In re Pacific Enters. Sec. Litig.,*
        47 F.3d 373 (9th Cir. 1995) ............................................................................................11
12

13  *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
        148 F.3d 283 (3d Cir. 1998)............................................................................................16

14  *In re Rubber Chems. Antitrust Litig.,*
        232 F.R.D. 346 (N.D. Cal. 2005)......................................................................................17
15

16  *McPhail v. First Command Fin. Planning, Inc.,*
        247 F.R.D. 598 (S.D. Cal.) .........................................................................................14, 15
17

18  *Mullane v. Central Hanover Bank & Trust Co.,*
        339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ...........................................................18

19  *Negrete v. Allianz Life Ins. Co. of N. Am.,*
        238 F.R.D. 482 (C.D. Cal. 2006) .....................................................................................16
20

21  *Officers for Justice v. Civil Serv. Comm'n.,*
        688 F.2d 615 (9th Cir. 1982) ........................................................................................2, 9
22

23  *Satchell v. Federal Express Corp.,*
        Nos. C03-2659 SI, C 03-2878 SI, 2007 WL 1114010
        (N.D. Cal. Apr. 13, 2007) ..............................................................................................10
24

25  *Schlagal v. Learning Tree Int'l,*
        No. CV98-6384 ABC (EX), 1999 WL 672306
26      (C.D. Cal. Feb. 23, 1999)................................................................................................15

27  *Staton v. Boeing,*
        327 F.3d 938 (9th Cir. 2003) ..........................................................................................15
28

                                                                                           **Page**

*Strube v. Am. Equity Inv. Life Ins. Co.,*
   226 F.R.D. 688 (M.D. Fla. 2005).................................................................12

*Valentino v. Carter-Wallace, Inc.,*
   97 F.3d 1227 (9th Cir. 1996) ....................................................................16

*West v. Circle K Stores, Inc.,*
   No. CIV. S-04-0438 WBS GGH, 2006 WL 1652598
   (E.D. Cal. June 13, 2006)...........................................................................9

*Westways World Travel, Inc. v. AMR Corp.,*
   218 F.R.D. 223 (C.D. Cal. 2003) ...............................................................14

*Young v. Polo Retail, LLC,*
   No. C-02-4546 VRW, 2006 WL 3050861
   (N.D. Cal. Oct. 25, 2006) ...................................................................10, 11

*Zhu v. Fujitsu Group 401(K) Plan,*
   No. C-03-1148RMW, 2004 WL 3252573
   (N.D. Cal. Mar. 3, 2004) ...........................................................................14

*Zinser v. Accufix Research Inst., Inc.,*
   253 F.3d 1180 (9th Cir. 2001) .............................................................16, 17

**STATUTES, RULES AND REGULATIONS**

18 United States Code
   §1962(b)-(d) ...............................................................................................3

Federal Rules of Civil Procedure
   Rule 23 .......................................................................................................2
   Rule 23(a)..................................................................................................14
   Rule 23(a)(1).............................................................................................14
   Rule 23(a)(2).............................................................................................14
   Rule 23(a)(3).............................................................................................15
   Rule 23(a)(4).......................................................................................15, 17
   Rule23(b)(3)..................................................................................14, 16, 17
   Rule 23(c)..................................................................................................18
   Rule 23(c)(2)(B).....................................................................................2, 18
   Rule 23(c)(3).............................................................................................18
   Rule 23(g) ...................................................................................................8
   Rule 23(g)(1).............................................................................................17

California Business and Professions Code
   §17200........................................................................................................3
   §17500..............................................................................................3, 5, 6, 7

PLAINTIFFS' MEMO OF POINTS & AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CONDITIONAL APPROVAL OF SETTLEMENT CLASS - C-05-04726-RMW

- v -

1

2                                                                                      **Page**

3  California Civil Code
        §1542...........................................................................................................8, 9
4

5  California Welfare and Institutions Code
        §15600.............................................................................................................3
6

**SECONDARY AUTHORITIES**

7
   4 William B. Rubenstein, Alba Conte & Herbert B. Newberg,
8         *Newberg on Class Actions* (4th ed. 2002)
          §11:25 ............................................................................................................2
9
   *Manual for Complex Litigation* (Fourth) (2005)
10        §21.632........................................................................................................2, 9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2           PLEASE TAKE NOTICE that on April 22, 2011, at 9:00 a.m., before the Honorable

3   Ronald M. Whyte, in Courtroom 6, 4th Floor of the above-entitled Court, located at 280 South First

4   Street, San Jose, California, Plaintiff Friou P. Jones ("Plaintiff") will and hereby does move,

5   pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order: (1) preliminarily approving

6   the Settlement Agreement ("Agreement");[1] (2) conditionally certifying the Settlement Class;

7   (3) directing the dissemination of Class Notice of Settlement and the Fairness Hearing to the

8   members of the Settlement Class, attached as Exhibit B to the Settlement Agreement; and

9   (4) scheduling a date for the Fairness Hearing to consider whether to grant final approval of the

10  Settlement and application by Class Counsel for an award of attorneys' fees and expenses.

11          Plaintiff's motion is based on this notice of motion, the memorandum of points and

12  authorities in support of preliminary approval of class action settlement and conditional approval of

13  settlement class, the Court's file and such further oral and documentary evidence as may be

14  prevented at the hearing on the motion.

15                          **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.      INTRODUCTION**

17          Under the guidance of a mediator, the Hon. Edward A. Infante (Ret.), the parties have

18  reached an agreement to settle the above-captioned class action litigation (the "Settlement") on the

19  terms set forth in the Agreement, dated April 15, 2011.  For the reasons stated herein, Plaintiff

20  respectfully requests that the Court grant preliminary approval of the proposed Settlement, which

21  will provide substantial economic relief to more than 10,500 senior citizens (or their beneficiaries)

22  across the country who purchased deferred annuity products issued by Defendants Conseco

23  Insurance Company, Conseco Services, LLC, and Conseco Marketing, LLC ("Defendants").

24          At the preliminary approval stage, the Court makes only a preliminary determination on the

25  fairness, reasonableness, and adequacy of the settlement, so that notice of the settlement may be

26  _____

27  [1]     The Agreement and related exhibits are attached as Attachment 1 hereto.  Unless noted
28  otherwise, capitalized terms in this motion have the meanings assigned in the Agreement.

1  given to the Class and a fairness hearing may be scheduled to make a final determination regarding

2  the fairness of the settlement. *See* 4 William B. Rubenstein, Alba Conte & Herbert B. Newberg,

3  *Newberg on Class Actions*, §11:25 (4th ed. 2002); *Manual for Complex Litigation* ("*Manual*")

4  §21.632 (Fourth) (2005). In so doing, the Court simply reviews the settlement to determine that it is

5  not collusive and, "taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for*

6  *Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).[2]

7        The proposed Settlement plainly meets this standard. It is the product of lengthy and often

8  contentious negotiations between the parties, was assisted by an experienced and well-respected

9  mediator and will fairly resolve this litigation. The Settlement Class, which Plaintiff asks the Court

10  to conditionally certify, is comprised of individuals and trusts that have or had an ownership interest

11  in certain fixed deferred annuities issued by Defendants between November 27, 2001 through

12  March 1, 2010. The product names for those Annuities are listed in Exhibit A of the Agreement.

13  The members of the Class were age 65 or older on the Annuity's date of issue (or if a trust, then at

14  least one Annuitant was age 65 or older on the Annuity's date of issue). The Class does not include

15  persons who make a valid request for exclusion from the Class, nor those subject to other exclusions

16  set forth in §1.17 of the Agreement. As detailed below, the proposed Settlement compares favorably

17  with class settlements approved in similar cases involving the sale of deferred annuities. The

18  proposed Settlement appropriately reflects the strengths and weaknesses associated with Plaintiff's

19  claims and provides finality and certainty to Defendants and the Class Members. The proposed

20  Settlement Class also satisfies all of the requirements for certification under Fed. R. Civ. P. 23, and

21  the proposed Class Notice satisfies all of the requirements of Rule 23(c)(2)(B) for providing the best

22  notice practicable under the circumstances.

23        Plaintiff therefore respectfully requests that the Court enter the [Proposed] Findings and

24  Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and

25  Setting of Fairness Hearing (the "Order"): (1) preliminarily approving the Settlement;

26  (2) conditionally certifying the Settlement Class; (3) directing the dissemination of Class Notice of

27

28  [2]        Unless otherwise noted, citations are omitted and emphasis is added.

1   the Settlement and the Fairness Hearing to the members of the Settlement Class; and (4) scheduling

2   a date for the Fairness Hearing to consider whether to grant final approval of the Settlement, and the

3   application by Class Counsel for an award of attorneys' fees and expenses.[3]

4   **II.      SUMMARY OF THE LITIGATION**

5          **A.      Plaintiff's Position**

6          On April 27, 2007, Plaintiff filed the operative complaint, the Second Amended Consolidated

7   Class Action Complaint ("Complaint"), which asserted causes of action against Defendants for

8   violations of civil RICO, 18 U.S.C. §1962(b)-(d); Financial Elder Abuse, Cal. Welf. & Inst. Code

9   §15600 *et seq.*; Cal. Bus. & Prof. Code §17200 *et seq.*; and Cal. Bus. & Prof. Code §17500 *et seq.*,

10  in connection with the marketing and sale of Conseco deferred annuities to senior citizens.  Plaintiff

11  alleges that Defendants utilized a network of sales agents to sell poorly-performing and illiquid

12  deferred annuities to seniors citizens by presenting them with standardized sales materials that

13  misrepresented or otherwise concealed the true costs and other adverse features of the annuities.

14  Agreement at 1.

15         **B.      Defendants' Position**

16         Defendants deny any and all facts and claims alleged in the Action and further deny that

17  Plaintiff, or any members of the class he purports to represent, have suffered any damage.  *Id*. at 1.

18         **C.      Procedural Posture of the Case as of the Settlement**

19         Since the filing of the original class action complaint over five years ago, this matter has been

20  aggressively litigated, as the parties have engaged in substantial motion practice and discovery.

21  Defendants filed multiple motions to dismiss, resulting in a three-year battle over the sufficiency of

22  the pleadings.  Dkt. Nos. 18, 49, 88, 103.  Defendants filed their answer to the Complaint on

23  January 20, 2009.  Dkt. No. 155.

24         On June 7, 2010, Plaintiff filed his motion for class certification.  Defendants filed their

25  opposition to class certification on August 23, 2010.  Dkt. Nos. 177-182.  Both parties submitted the

26  declarations of experts to support their respective positions.  Dkt. Nos. 188-194.  The Court

27  ─────────────────────

28  [3]       The Order, attached as Exhibit C to the Agreement, is also being filed concurrently.

1  continued the deadline for the filing of Plaintiff's reply to allow the parties to engage in settlement

2  discussions.  Accordingly, the issue of class certification has not been resolved.

3       Discovery in this case has been extensive.  In the course of the Action, Class Counsel have

4  reviewed over 350,000 pages of documents, analyzed extensive data, and have taken the depositions

5  of numerous Conseco executives and employees.  Moreover, had settlement discussions not

6  occurred, the parties would have engaged in extensive expert discovery.

7       **D.**    **Mediation and Negotiation of the Settlement**

8       The parties' Agreement is the product of intense arm's-length negotiations that spanned more

9  than two years.  In addition to direct settlement negotiations, the parties agreed to mediate the matter

10  before the Hon. Edward A. Infante (Ret.) of JAMS to assist them in resolving difficult issues

11  concerning the potential settlement benefits to the Class.  Under Judge Infante's guidance, the parties

12  worked many hours to reach the terms embodied in the Agreement.  The parties have conducted their

13  own investigation and evaluation of the relevant law and facts necessary to assess the strengths and

14  weaknesses of Plaintiff's allegations and claim for damages, as well as Defendants' defenses.  Based

15  on these investigations, the parties have independently concluded that entering in the proposed

16  Settlement is in their best interests.

17  **III.**    **SUMMARY OF THE SETTLEMENT**

18      **A.**    **The Proposed Settlement Class**

19       Plaintiff requests the conditional certification of a Settlement Class, which includes:

20      Any person or trust who has not made a valid request for exclusion from the
    Settlement Class and who is, as of the Eligibility Date, or who was at the time of the
    Annuity's termination prior to the Eligibility Date, an Owner, as defined in this

21      Agreement, of an Annuity, or a Beneficiary of a deceased Owner, provided that
    Defendants' records show that one of the Annuity's Owners as of the Eligibility Date

22      is, or one of the Annuity's Owners at the time of termination was (a) a natural person
    who was age 65 or older on the Annuity's date of issue; or (b) a trust, and at least one

23      Annuitant was age 65 or older on the Annuity's date of issue; except that, "Class
    Member," "Class Members," and "Settlement Class," do not include a person or trust

24      (a) who is or was an Owner of an Annuity (i) that was issued but not accepted or was
    returned to the Company as part of the exercise of the free-look provision in the

25      Annuity or was otherwise rescinded, (ii) that was surrendered in full without
    incurring any Surrender Charge, (iii) that was Annuitized and the Annuity Payments

26      have ceased, or (iv) that was owned by a natural person under age 65, and in which
    no person age 65 or older had an ownership interest at the time of purchase; (b) who

27      signed a document that released any of the Defendants from any further claims
    concerning the Annuity; (c) whose rights and claims respecting the Annuity have

28

been finally adjudicated in a court of law; (d) who is or was a member of the Board of Directors, an officer, shareholder or employee of Defendants at any time during the Class Period, as well as the parents, affiliates, legal representatives, attorneys, successors, or assigns of Defendants; (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; (f) who is a person or entity hired to administer the terms of the Settlement; and (g) which is a corporation or legal entity other than a trust or natural person.

Agreement, §1.17.

## B.      Economic Value of the Settlement to Class Members

Pursuant to the terms of the Agreement, each member of the Settlement Class who chooses not to be excluded will receive valuable economic benefits, depending on the status of the Class Member's Annuity, in the form of either an Account Value Bonus, Annuitization Bonus, Bonus for Surrendered Annuities, or Enhanced Death Benefit. *Id.*, §3.1. These settlement benefits are intended to address Plaintiff's concerns about the alleged adverse features of Defendants' annuities, including their alleged high, embedded costs and illiquidity.

Each of these benefits is intended as stand-alone Settlement relief; therefore, each Class Member may receive only one of the benefits for each Annuity that he or she owns, owned, or is a Beneficiary thereof. *Id.*

### 1.      Account Value Bonus

A Class Member who is an Owner of an Active Deferred Annuity (*i.e.*, an Annuity that has not been Annuitized, fully surrendered, returned under a "free-look" provision, or otherwise been rescinded, or for which a death benefit has become payable) as of the Eligibility Date shall be entitled to receive an Account Value Bonus with respect to that Annuity. Class Members who qualify for the Account Value Bonus will receive a one-time additional interest payment, calculated as the Applicable Percentage of the Accumulation Value added to the Accumulation Value, for each Active Deferred Annuity. Agreement, §3.2 The Applicable Percentage, as used to determine the Account Value Bonus, shall be 0.532% of the Accumulation Value of the Active Deferred Annuity; provided, however, that the Applicable Percentage will be adjusted, if necessary, so that the total of all settlement benefits paid by Defendants pursuant to this Agreement will be no more or no less than

1  the amount of $2.25 million (excluding the cost of class notice and settlement administration, Class

2  Counsel Payment and the service award).  *Id.*, §1.12.

3       The additional interest payment, provided through the Account Value Bonus, will be

4  calculated and credited to Class Members' Active Deferred Annuities as of the Implementation Date.

5  The Account Value Bonus is separate and apart from any other guaranteed or non-guaranteed

6  interest rate that may be credited to Class Members under the terms of their Annuity contracts or

7  pursuant to company practice.  *Id.*, §3.2

8             **2.    Annuitization Bonus**

9       If a Class Member has Annuitized his or her Annuity on or prior to the Eligibility Date, then

10  each remaining Annuity Payment after the Implementation Date will be increased by 2.5% relative

11  to the amount scheduled to be paid in the absence of this Settlement.  Agreement, §3.3.

12            **3.    Bonus for Surrendered Annuities**

13      If a Class Member fully surrendered his or her Annuity on or prior to the Eligibility Date and

14  that Annuity was subject to a Surrender Charge, the Class Member will receive a 0.4% increase to

15  the amount of the withdrawal.  Agreement, §3.4.

16            **4.    Enhanced Death Benefit**

17      Any Annuity of which the Owner, who purchased his or her annuity during the Class Period

18  and passed away on or prior to the Eligibility Date, shall be eligible for an increase of 0.5% to the

19  death benefit amount provided under the Annuity.  The Enhanced Death Benefit will be available to

20  the Beneficiary or Beneficiaries of the Annuity, as specified by the terms of the Annuity contract,

21  provided that each Beneficiary qualifies as a Class Member as defined in §1.17 of the Agreement

22  and further provided that each eligible Beneficiary seeking the Enhanced Death Benefit completes,

23  signs and submits to Conseco Services LLC, postmarked no later than 60 days after the mailing of

24  the Class Notice, the Enhanced Death Benefit Claim Form appended to the Class Notice. When an

25  Annuity includes multiple eligible Beneficiaries, the Enhanced Death Benefit will be divided among

26  the Beneficiaries according to their respective interests, as designated in the Annuity. Regardless of

27  the number of Beneficiaries designated in an Annuity, the Enhanced Death Benefit will not exceed

28  0.5% of the death benefit amount provided under the Annuity.  *Id.*, §3.5.

**C.    Class Notice**

The parties agree that Conseco Services, LLC shall act as the Settlement Administrator and provide notice to the Class Members, and otherwise assist in implementing the terms of the Agreement.  Agreement, §1.37.  The parties agree that the Settlement Administrator shall send to each Class Member by first-class mail, postage prepaid the Class Notice, no later than 28 days after the Preliminary Approval Order is entered by the Court.  *Id.*, §4.1.  The Class Notice shall:

(a)    contain a concise statement of the background of the Action, the preliminary certification of the Class for settlement purposes and the proposed Settlement;

(b)    describe each type of Settlement relief available to Class Members, including the Account Value Bonus, Annuitization Bonus, Bonus for Surrendered Annuities, and Enhanced Death Benefit, and the manner by which Class Members will qualify for each type of Settlement relief based on the status of their Annuities as of the Eligibility Date;

(c)    advise Class Members of their right to exclude themselves from the Class, or to object to the proposed Settlement and the deadline for the same;

(d)    advise that any judgment entered in the Action will be binding on all Class Members who do not exclude themselves from the Class;

(e)    inform Class Members that they will be releasing the Released Claims (as defined in Section 7) under the Release, which will be reprinted verbatim in the Class Notice;

(f)    inform Beneficiaries who are eligible for the Enhanced Death Benefit of the process to be followed in order to receive the Enhanced Death Benefit; and

(g)    provide information about the award of attorneys' fees and expenses requested by Class Counsel.

*Id.*, §4.2

**D.    Release and Waiver**

It is the intent of the parties to forever settle and resolve this Action through the Settlement. Accordingly, Plaintiff and all settling Class Members who choose not to be excluded agree to a full and final release of all past or present claims, complaints, causes of action, allegations of liability, damages, restitution, equitable, legal or other interest, or demands or rights, whether known or

1   unknown, that concern, refer or relate to, or arise out of, in whole or in part any facts, events or

2   transactions relating to the Annuities that have occurred or were in existence at any time prior to the

3   entry of the Final Order Approving Class Action Settlement ("Final Order"), including, without

4   limitation:

5          (a)    the offering of advice in any manner related to the Annuities;

6          (b)    the design, marketing, solicitation, sale, appropriateness or administration of

7   the Annuities;

8          (c)    any disclosures or advertising related to the Annuities, whether written or oral;

9   or

10          (d)    the calculation and availability of any accumulation or surrender values, or

11   annuity payments, or the exercise of any rights under the Annuities.

12         Without limiting the foregoing, the parties' Release includes, but is not limited to, all claims

13   that were asserted in the Action, or that could have been asserted against Defendants before any

14   court, arbitration panel, or regulatory or administrative agency based on or related to facts alleged in

15   any of the complaints filed in this Action, whether or not brought directly, indirectly, on a

16   representative basis, or otherwise.  Agreement, §7.1

17         Moreover, the Agreement provides that Plaintiff will expressly waive any and all rights and

18   benefits conferred by §1542 of the California Civil Code, or other similar statutes or principles of

19   law on behalf of himself, and on behalf of the Class.  *Id.*, §7.3

20       **E.**    **Appointment of the Class Representative and Class Counsel and**
            **Payment of Attorneys' Fees, Costs and Service Award Payment to the**

21               **Class Representative**

22         The Agreement contemplates that the Court designate Plaintiff Friou P. Jones, as Class

23   Representative of the Settlement Class.  Agreement, §1.20.  Defendant agrees that Plaintiff satisfies

24   the requirements as Class Representatives for settlement purposes.  *Id.*, §2.2(e).  Defendants also

25   agree that they will pay up to $2,500 to Plaintiff as and for a service award, subject to approval by

26   the Court.  *Id.*, §8.1.

27         Defendants also agree to the appointment of Robbins Geller Rudman & Dowd, LLP, and

28   Barrack Rodos & Bacine, as Class Counsel and that such appointment satisfies Rule 23(g) for

settlement purposes. *Id.*, §2.2(e). Finally, if the Settlement is approved by the Court, Class Counsel will apply for an award for attorneys' fees and costs. Defendants agree to pay Class Counsel no more than an aggregate amount of $750,000 as an award of attorneys' fees and costs incurred in the litigation, subject to Court approval. *Id.*, §8.2.

## IV.   THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.   The Settlement Is Fair, Reasonable and Adequate, and It Is Within the Range of Possible Approval

Strong judicial policy favors settlement of class actions. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *In re NVIDIA Deriv. Corp. Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008); *West v. Circle K Stores, Inc.*, No. CIV. S-04-0438 WBS GGH, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006). Settlements are particularly favored "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *NVIDIA*, 2008 WL 5382544, at *2 (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995)).

Approval of class action settlements normally proceeds in two stages: preliminary approval followed by notice to the class, and then final approval. *Manual*, §21.632. The preliminary approval stage requires the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.*, §21.632. At the preliminary stage, the Court need only conduct a prima facie review of the relief and notice provided by the Agreement to determine that notice should be sent to the settlement class members. *See id.* The Court's review is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625; *accord Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). This is a minimal threshold:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing.

1    *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25,

2    2006); *see, e.g.*, *Satchell v. Federal Express Corp.*, Nos. C03-2659 SI, C 03-2878 SI, 2007 WL

3    1114010, at *4 (N.D. Cal. Apr. 13, 2007) (granting preliminary approval after finding proposed

4    settlement was non-collusive, had no obvious defects and was within the range of possible settlement

5    approval). In making this determination, the Court should evaluate the fairness of the settlement in

6    its entirety. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the

7    individual component parts, that must be examined for overall fairness. . . . The settlement must

8    stand or fall in its entirety.").

9         Here, the proposed Settlement plainly satisfies the standard for preliminary approval, as there

10   is no question as to its fairness, reasonableness and adequacy, placing it is squarely within the range

11   of possible approval.

12          **1.**    **The Settlement Is the Product of Serious, Informed and Non-Collusive Negotiations**

13        This Court is familiar with the long, adversarial history of this case. The Action was filed

14   over five years ago, discovery has been vigorous, and each side has amassed substantial factual and

15   expert testimony in support of their positions. There is no doubt that the parties have had ample

16   opportunity to evaluate the respective strengths and weaknesses of the Action.

17        Beyond the duration and intensity of the litigation, however, the mediation process

18   demonstrates that the Settlement was anything but collusive. *Adams v. Inter-Con Sec. Sys., Inc.*, No.

19   C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) ("The assistance of an

20   experienced mediator in the settlement process confirms that the settlement is non-collusive."); *In re*

21   *Indep. Energy Holdings PLC*, No. 00 Civ. 6689(SAS), 2003 WL 22244676, at *4 (S.D.N.Y.

22   Sept. 29, 2003) ("the fact that the Settlement was reached after exhaustive arm's-length negotiations,

23   with the assistance of a private mediator experienced in complex litigation, is further proof that it is

24   fair and reasonable"). The parties, under the guidance of Judge Infante, negotiated intensely to reach

25   an agreement on the complicated and far-reaching issues set forth in the Agreement. The Settlement

26   is undoubtedly the product of good-faith, arm's-length negotiations.

27

28

618064_1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW   - 10 -

### 2.      The Proposed Settlement Has "No Obvious Deficiencies"

The proposed Settlement "has no obvious deficiencies." *Young*, 2006 WL 3050861, at *5. To the contrary, as described in detail below, the Settlement favorably compares to other settlements of similar claims, yet is structured to address the specific shortcomings in Defendants' annuities that have been challenged by Plaintiff – providing valuable economic benefits, tailored to the circumstances of Class Members, to remediate those shortcomings.

### 3.      The Proposed Relief Does Not "Grant Preferential Treatment to Class Representatives"

Plaintiff does not receive any unduly preferential treatment under the settlement; with the exception of a service award of up to $2,500 to compensate for the time and effort devoted to prosecuting the common claims, Plaintiff is treated the same as every other member of the Settlement Class.  *See, e.g.*, *In re CV Therapeutics, Inc. Sec. Litig.*, No. C-03-3709 SI, 2007 WL 1033478, at *3 (N.D. Cal. Apr. 4, 2007) (awarding $26,000 to lead plaintiff).

Nor is there any concern that the proposed Settlement provides for excessive compensation to Plaintiff's counsel.  The proposed Settlement contemplates a fee and expense award not to exceed $750,000. While the Ninth Circuit has held that a fee award of 25% of the settlement fund is an appropriate starting point (or "benchmark") for determining class action fees, that Court has affirmed, and district courts have granted, awards of attorneys' fees at or above a 30% fee.  *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (affirming fee award of 33 1/3% of fund); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (award of 33% of settlement fund as fees affirmed).[4]  Plaintiff will demonstrate in conjunction with the final approval hearing that the requested $750,000 fee and expense award is substantially less than the Ninth Circuit benchmark of 25% of the estimated value of the settlement benefits.  Moreover, the requested fee award is

---

[4]     *See also, e.g.*, *CV Therapeutics*, 2007 WL 1033478, at *1 (awarding fees of 30% of the settlement fund on the basis that 30% is "consistent with awards made in similar cases"); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *18-*23 (C.D. Cal. June 10, 2005) (after noting that federal courts consistently award fees of 30% or higher, Court awarded fees of 33 1/3% of settlement); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) ("this court concludes that in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%").

618064_1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW      - 11 -

1  reasonable in light of the lodestar fees and expenses incurred by Plaintiff's counsel to date.  Indeed,

2  Plaintiff's counsel's fee under the Settlement is especially modest in that it encompasses all *future*

3  post-approval work to be performed by counsel to effectuate the Settlement, such as claim

4  administration and any appeals.  As the record will demonstrate, Plaintiff's requested fee is

5  appropriate and reasonable in light of the time, effort and resources expended to resolve this Action

6  and the substantial settlement benefits that Plaintiff's counsel will have achieved on behalf of Class

7  Members.

8         **4.**       **The Proposed Relief Is Within the "Range of Possible Approval"**

9

10         The proposed Settlement also falls well within the "range of possible approval," as it

11  provides carefully-tailored economic benefits to all Class Members, without the risk and delays of

12  continued litigation, trial and appeal.  The proposed relief offered under the Settlement specifically

13  addresses Defendant's alleged deceptive practices, including its alleged failure to disclose certain

14  costs of its annuities and its use of a product spread to recover those costs.  The proposed Settlement

15  also addresses the surrender penalties and illiquidity allegedly associated with the annuities.

16  Settlement Class Members will be able to receive settlement relief through the Account Value

17  Bonus, Annuitization Bonus, Bonus for Surrendered Annuities, and Enhanced Death Benefit.

18         The proposed Settlement compares favorably with class settlements approved in similar cases

19  alleging misrepresentations in connection with the marketing and sale of deferred annuity products.

20  Indeed, the Account Value Bonus, Annuitization Bonus, Bonus for Surrendered Annuities, and

21  Enhanced Death Benefit offered under the proposed Settlement are more expansive and more

22  beneficial to Class Members than the corresponding relief afforded under other comparable

23  settlements.  *See, e.g. In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 263

24  F.R.D. 226 (E.D. Pa. 2009) (automatic annuitization bonus of 0.4% for contracts in deferral with

25  possible additional bonus up to 2% as part of claims process, with no waiver of  penalties for

26  surrendered contracts); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688 (M.D. Fla. 2005) (2%

27  annuitization bonus for annuities with a minimum 10 year payout required and unspecified relief as

28  part of claims process).

1    Moreover, the Settlement is very similar to the class action settlements in *In re Midland*

2   *National Life Ins. Co. Annuity Sales Practices Litig..*, MDL No. 07-1825 CAS(MANx) (C.D. Cal.)

3   ("*Midland*"), and *Negrete v. Fidelity & Guar. Life Ins. Co.*, No. CV-05-6837-CAS(MANx) (C.D.

4   Cal.) ("*F&G*"), both of which likewise involved the sale of costly, poorly performing and illiquid

5   deferred annuities to senior citizens.  The *Midland* and *F&G* settlements provided elderly class

6   members relief in the form of enhancement to the annuity's accumulation value, annuitization bonus,

7   and surrender charge relief – settlement benefits that are very similar to the benefits proposed under

8   this Settlement.[5]  Pintar Decl., Ex. 1 (Final Order and Judgment, *F&G*, filed April 19, 2010); *id.*,

9   Ex. 2 (Final Order Approving Class Action Settlement and Final Judgment of Dismissal with

10   Prejudice Thereon, *Midland*, filed February 28, 2011).

11    Importantly, the proposed Settlement recognizes the inherent risks, costs and delay associated

12   with the continued prosecution of this complex class action lawsuit.  If this litigation were to proceed

13   to trial, there is no guarantee against a defense verdict.  Furthermore, even if a judgment were

14   obtained against Defendants at trial, the recovery might be of no greater value to the Class and

15   indeed might be substantially less valuable than the proposed Settlement.  And even if Plaintiff and

16   the Class ultimately prevailed, it could be years before Class Members would receive any recovery,

17   given the likelihood of appeals.  Moreover, in negotiating the proposed Settlement, Plaintiff was

18   mindful of Defendants' obligations to existing policyholders.  The proposed Settlement is the best

19   vehicle to assure Class Members receive the relief with respect to the alleged conduct in a prompt

20   and efficient fashion.

21    Indeed, the price of delay is particularly high in this litigation because it was brought on

22   behalf of elderly consumers who may not be able to wait years for relief.  Thus, although the parties

23   have already engaged in protracted litigation, continuation of the litigation would be extremely

24   expensive and risky, and in the absence of the proposed Settlement, senior annuity purchasers would

25

26   _____

27   [5]    *See* Declaration of Theodore J. Pintar in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Approval of Settlement Class, Issuance of Notice

28   to the Class, and Setting of Fairness Hearing ("Pintar Decl."), filed concurrently.

618064_1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW      - 13 -

1    have to wait substantially longer before they obtain any relief, even assuming Plaintiff successfully

2    overcame every obstacle to relief.

3          Without question, the parties worked long and hard to achieve a comprehensive settlement

4    that provides valuable and far-reaching benefits for the Class.  There is no reason to doubt the

5    fairness, reasonableness and adequacy of the proposed Settlement, which is surely within the range

6    of possible approval.

7          **B.    The Court Should Conditionally Certify the Settlement Class**

8          The Settlement Class should also be conditionally certified under Federal Rules of Civil

9    Procedure, Rules 23(a) and (b)(3).

10              **1.    The Requirements of Rule 23(a) Are Met**

11                  **a.    Rule 23(a)(1) Is Satisfied**

12         Rule 23(a)(1) requires that a class be sufficiently numerous such "that joinder of all members

13   is impractical."  The Settlement Class encompasses more than 10,500 annuity policies, therefore

14   satisfying the impracticability standard.  *See, e.g., Zhu v. Fujitsu Group 401(K) Plan*, No. C-03-

15   1148RMW, 2004 WL 3252573, at *5 (N.D. Cal. Mar. 3, 2004) (class of approximately 139 members

16   sufficient to meet numerosity requirement); *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 719

17   (C.D. Cal. 2002); *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 153 n.4 (N.D. Cal. 1991)

18   (numerosity requirement clearly satisfied by allegation that hundreds if not thousands of class

19   members traded Adobe securities during class period).

20                  **b.    Rule 23(a)(2) Is Satisfied**

21         Commonality is readily satisfied because Plaintiff's claims are based on an alleged common

22   fraudulent scheme by Defendants to market and sell their deferred annuities to senior citizens, using

23   standardized written sales materials that misrepresented and concealed their high cost, poor

24   performance and illiquidity.  *See, e.g., McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D.

25   598, 608 (S.D. Cal.) (Gonzalez, J.) ("The Ninth Circuit applies a 'common course of conduct' test to

26   determine whether to certify a class in a fraud case.") (citing *Blackie v. Barrack*, 524 F.2d 891, 903-

27   04 (9th Cir. 1975)); *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 238-39 (C.D. Cal.

28

1    2003) (common questions include whether "the common omissions and misrepresentations made by

2    the [defendants] were material").

3                    **c.       Rule 23(a)(3) Is Satisfied**

4            The typicality requirement is easily met because Plaintiff and the members of the proposed

5    Class assert precisely the same claims, all arising from Defendants' alleged overarching fraudulent

6    scheme to market and sell costly, inferior annuities to seniors.  *McPhail*, 247 F.R.D. at 610 ("The

7    same sales pitch, strategy, and scheme that injured the named plaintiffs likewise injured the absent

8    class members."); *Schlagal v. Learning Tree Int'l*, No. CV98-6384 ABC (EX), 1999 WL 672306, at

9    *3 (C.D. Cal. Feb. 23, 1999) (typicality met where the plaintiff's claims "stem from the same event

10   or course of conduct as other class members' claims and are based on the same legal theory as the

11   absent members").

12                   **d.       Rule 23(a)(4) Is Satisfied**

13           Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the

14   interests of the class."  In the Ninth Circuit, Rule 23(a)(4) is satisfied where: (i) counsel for the class

15   is qualified and competent to vigorously prosecute the action; and (ii) the interests of the proposed

16   class representatives are not antagonistic to the interests of the Class.  *See, e.g.*, *Staton v. Boeing*, 327

17   F.3d 938, 957 (9th Cir. 2003).

18           The requirements of Rule 23(a)(4) are plainly met in this Action.  First, Plaintiff's counsel

19   are qualified and experienced in class action litigation and have performed extensive work to date in

20   identifying and investigating potential claims in this Action, preparing a detailed class action

21   complaint, successfully opposing Defendants' motions to dismiss, pursuing extensive party and

22   third-party discovery, and successfully mediating and negotiating the proposed Settlement.  *See*

23   *Emulex*, 210 F.R.D. at 720 (court evaluating adequacy of counsel's representation may examine "the

24   attorneys' professional qualifications, skill, experience, and resources . . . [and] the attorneys'

25   demonstrated performance in the suit itself").  Second, there is no conflict between Plaintiff's

26   interests and the interests of the Settlement Class Members.  Plaintiff and the members of the

27   Settlement Class assert the same legal claims, and their alleged losses arise out of the same course of

28   conduct by Defendant during the Settlement Class Period.

1        **2.      The Requirements of Rule 23(b)(3) Are Met**

2            The Court may certify a class if it determines that: (1) questions of law or fact common to the

3   members of the class predominate over any questions affecting only individual members; and (2) a

4   class action is superior to other available methods for the fair and efficient adjudication of the

5   controversy.

6            **a.      Common Questions of Law and Fact Predominate**

7            This case falls within the category of cases traditionally found suitable for class certification

8   because Plaintiff would seek to demonstrate the existence of a centrally orchestrated fraudulent

9   scheme to sell deferred annuities to seniors through the use of uniformly misleading sales

10  documents.  *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 496 (C.D. Cal. 2006)

11  (certifying annuity class action based on misrepresentations in company's standardized sales

12  materials).  Schemes predicated on centrally orchestrated frauds, "especially frauds predicated upon

13  documents," are traditionally found "suitable for class action treatment." *Chisolm v. TranSouth Fin.*

14  *Corp.*, 194 F.R.D. 538, 564 (E.D. Va. 2000); *see also In re Prudential Ins. Co. Am. Sales Practice*

15  *Litig. Agent Actions*, 148 F.3d 283, 314 (3d Cir. 1998) (predominance readily met in case involving

16  common scheme to defraud millions of life insurance policyholders); *Buoniconti v. Bankers Sec. Life*

17  *Ins. Soc'y.*, No. 81 C 6630, 1985 WL 1377 (N.D. Ill. May 16, 1985) (certifying claims based on

18  alleged failure to disclose adverse tax consequences of annuity contracts, where despite variations in

19  sales presentations, the same basic misrepresentations and omissions were made to all annuity

20  purchases).  As the Supreme Court has observed, the predominance test is "readily met in certain

21  cases alleging . . . consumer . . . fraud." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117

22  S. Ct. 2231, 138 L. Ed. 2d 687 (1997).

23          **b.      A Class Action Is Superior to Individual Actions**

24          Superiority is demonstrated where "classwide litigation of common issues will reduce

25  litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227,

26  1234 (9th Cir. 1996).  Rule 23(b)(3) sets forth factors for determining whether "a class action is

27  superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R.

28  Civ. P. 23(b)(3).  As explained by the Ninth Circuit in *Zinser v. Accufix Research Inst., Inc.*, 253

1  F.3d 1180 (9th Cir. 2001), "'consideration of these factors requires the court to focus on the

2  efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3)

3  are those that can be adjudicated most profitably on a representative basis.'" *Id*. at 1190.

4        Rule 23(b)(3)'s four "superiority" factors weigh heavily in favor of class certification here.

5  Liability in this action will turn on whether Defendants engaged in a common course of fraudulent

6  conduct and a conspiracy to increase market share and/or profits by specifically targeting and

7  exploiting seniors for the sale of poorly-performing deferred annuities.  As demonstrated by the

8  dearth of individual lawsuits, it is neither economically feasible nor judicially efficient for 10,500

9  seniors to pursue their claims against Defendants on an individual basis. *See, e.g.*, *GMC Pick-Up*

10 *Truck*, 55 F.3d at 784.

11       Accordingly, the proposed Settlement of the Action on a class-wide basis is a fair and

12 efficient method to resolve the claims of all putative Class Members without burdening the judiciary

13 system with a multiplicity of duplicative lawsuits.

14               **c.**     **The Court Should Appoint Lead Counsel as Counsel for**
                            **the Settlement Class**

15

16       Rule 23(g)(1) requires the Court to appoint counsel to represent the interests of the class. *In*

17 *re Rubber Chems. Antitrust Litig.*, 232 F.R.D. 346, 355 (N.D. Cal. 2005).  For the reasons stated

18 above in connection with the adequacy requirements of Rule 23(a)(4), and as has been demonstrated

19 thus far in this litigation, the law firms retained by Plaintiff to prosecute this class action are well

20 equipped to vigorously, competently and efficiently represent the proposed Settlement Class.  The

21 Court should accordingly appoint Robbins Geller Rudman & Dowd LLP, and Barrack Rodos &

22 Bacine, as Class Counsel for the Settlement Class.

23               **d.**     **The Proposed Class Notice Satisfies Rules 23 and All**
                            **Due Process Requirements**

24       Class Counsel proposes that mailed notice be given in the form of the Class Notice, attached

25 as Exhibit B to the Settlement Agreement. *See also* §III.C, above.  Notice to the Class in the form

26 and in the manner set forth in the proposed notice will fulfill any requirements of due process that

27 may apply, comply with the Federal Rules of Civil Procedure, and alert and inform Class Members

28 of the Settlement and their opportunity to appear and be heard at the Fairness Hearing.

1    Notice must be "reasonably calculated, under all the circumstances, to apprise interested

2    parties of the pendency of the action and afford them an opportunity to present their objections."

3    *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865

4    (1950).  Plaintiff here proposes to give interested parties notice by first-class mail, addressed to all

5    Class Members who can reasonably be identified and located through Defendants' records.   In

6    addition, the parties will make information concerning the Settlement, including the Class Notice,

7    the Preliminary Approval Order, and other pertinent documents, available via a dedicated website.

8    Courts have regularly approved similar notice arrangements. *See, e.g.*, *In re OCA, Inc. Sec. & Deriv.*

9    *Litig.*, No. 05-2165, 2008 WL 4681369, at *16 (E.D. La. Oct. 17, 2008) ("direct mailing of notice,

10   along with publication of Summary Notice in print and on the web, is reasonably calculated to

11   apprise class members of the settlement").  The parties' notice program, which is intended to give all

12   Class Members direct notice of the Settlement, is reasonably calculated and satisfies all due process

13   requirements.

14   The content of the Class Notice also meets all of the requirements of Rule 23(c).

15   Specifically, the Class Notice "clearly and concisely state[s] in plain, easily understood language," in

16   accordance with Rule 23(c)(2)(B): the nature of the action; the definition of the class certified; the

17   class claims, issues, or defenses; that a Class Member may enter an appearance through an attorney

18   if the Class Member so desires; that the court will exclude from the class any Class Member who

19   requests exclusion; the time and manner for requesting exclusion, and the binding effect of a class

20   judgment on Class Members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

21   The Class Notice clearly describes the terms of the Settlement, the considerations that caused

22   Plaintiff's counsel to conclude that the Settlement is fair and adequate, the maximum counsel fees

23   and expenses that may be sought, the procedure for objecting to the Settlement and the date and

24   place of the Settlement Fairness Hearing.  The Class Notice will, when mailed as suggested, fairly

25   apprise Class Members of the Settlement and their options with respect thereto.

26   **V.    CONCLUSION**

27   For the reasons set forth above, Plaintiff respectfully requests that the Court: (1) preliminarily

28   approve the Settlement; (2) conditionally certify the Settlement Class; (3) direct the dissemination of

Class Notice of the Settlement and the Fairness Hearing to the members of the Settlement Class; and (4) schedule a date for the Fairness Hearing to consider whether to grant final approval of the Settlement, and the application by Class Counsel for an award of attorneys' fees and expenses. In addition, in connection with the approval of the Settlement and Class Notice, the parties request approval of the following schedule:

| Event | Event Date |
|---|---|
| Hearing on Preliminary Approval | April 22, 2011 |
| Eligibility Date | The day following entry of the Preliminary Approval Order |
| Mailing of Class Notice | 28 days after entry of the Preliminary Approval Order |
| Class Counsel files petition for approval of the Class Counsel Payment | 20 days after mailing of the Class Notice |
| Exclusions and Objections must be postmarked and sent to the Administrator and filed with the Court; Requests to appear and be heard at the Fairness Hearing must be served on Class Counsel and Defendants' Counsel and filed with the Court | 45 days after mailing of the Class Notice |
| All Claim Forms for the Enhanced Death Benefit must be postmarked and sent to the Administrator | 60 days after mailing of the Class Notice |
| Administrator files with the Court and serves counsel with notice specifying those Claimants who have objected or requested exclusion | 60 days after mailing of the Class Notice |
| Fairness Hearing | To be set by Court but not less than 100 days after entry of the Preliminary Approval Order |
| Entry of the Final Order | To be determined |
| Submission by Defendants of Class Counsel Payment and Service Award | 10 days after entry of Final Order |
| Final Settlement Date | The date on which the Final Order approving the Settlement Agreement becomes final for all purposes, including appeal. |
| Implementation Date – the date upon which the settlement benefits become available to the class | 30 days following the Final Settlement Date |

618064_1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW       - 19 -

| Event | Event Date |
|-------|-----------|
| Class Counsel destroys all Confidential Information | 30 days following the Final Settlement Date |

DATED:  April 19, 2011                          Respectfully submitted,

                                                 ROBBINS GELLER RUDMAN
          & DOWD LLP
        JOHN J. STOIA, JR.
        THEODORE J. PINTAR
        PHONG L. TRAN
        RACHEL L. JENSEN
        STEVEN M. JODLOWSKI


                                               s/ Theodore J. Pintar
                                  THEODORE J. PINTAR

        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)

DATED:  April 19, 2011                          BARRACK, RODOS & BACINE
        STEPHEN R. BASSER
        SAMUEL M. WARD


                                               s/ Stephen R. Basser
                                  STEPHEN R. BASSER

        600 West Broadway, Suite 900
        San Diego, CA  92101
        Telephone:  619/230-0800
        619/230-1874 (fax)

        Interim Co-Lead Counsel for Plaintiff

## ECF CERTIFICATION

    The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated:  April 19, 2011                          By:     s/ Theodore J. Pintar
                                              THEODORE J. PINTAR

618064_1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES - C-05-04726-RMW        - 20 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 19, 2011.

       s/ Theodore J. Pintar
       THEODORE J. PINTAR

       ROBBINS GELLER RUDMAN
          & DOWD LLP
       655 West Broadway, Suite 1900
       San Diego, CA  92101-3301
       Telephone:  619/231-1058
       619/231-7423 (fax)

       E-mail:  TedP@rgrdlaw.com

## Mailing Information for a Case 5:05-cv-04726-RMW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stephen R. Basser**
  sbasser@barrack.com,lnapoleon@barrack.com,cfessia@barrack.com

- **Thomas A. Doyle**
  Thomas.A.Doyle@bakernet.com

- **James J Dries**
  James.J.Dries@bakernet.com

- **Ingrid M. Evans**
  ingrid@evanslaw.com,jim@evanslaw.com,info@evanslaw.com

- **Howard D. Finkelstein**
  fk@classactionlaw.com

- **Andrew S. Friedman**
  afriedman@bffb.com,khonecker@bffb.com,rcreech@bffb.com,nvarner@bffb.com

- **Tod Lawrence Gamlen**
  tod.gamlen@bakermckenzie.com,robin.robledo@bakermckenzie.com,ahmad.jamal@bakermckenzie.com,frances.say@bakermckenzie.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Mark L Karasik**
  Mark.L.Karasik@bakernet.com

- **Theodore J. Pintar**
  TedP@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Patricia Nicole Syverson**
  psyverson@bffb.com,rcreech@bffb.com,nserden@bffb.com,tcarpenter@bffb.com,afriedman@bffb.com

- **Phong L. Tran**
  ptran@rgrdlaw.com,e_file_sd@rgrdlaw.com,csindac@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Michael D Thamer
Law Offices of Michael D.Thamer
12444 South Highway 3
Post Office Box 1568
Callahan, CA 96014-1568
```