ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR. (141757)
THEODORE J. PINTAR (131372)
PHONG L. TRAN (204961)
RACHEL L. JENSEN (211456)
STEVEN M. JODLOWSKI (239074)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jstoia@rgrdlaw.com
tpintar@rgrdlaw.com
ptran@rgrdlaw.com
rjensen@rgrdlaw.com
sjodlowski@rgrdlaw.com

BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  619/230-0800
619/230-1874 (fax)
sbasser@barrack.com
sward@barrack.com

Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CONSECO INSURANCE CO. ANNUITY MARKETING & SALES PRACTICES LITIG. | ) ) ) ) |
| | ) |
| This Document Relates To: | ) ) ) |
| ALL ACTIONS. | ) ) ) |

No. C-05-04726-RMW

CLASS ACTION

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

JUDGE:   Hon. Ronald M. Whyte
DATE:    August 12, 2011
TIME:    9:00 a.m.
CTRM:    6 – 4th Floor

638184_1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................1

II.    BACKGROUND OF THE LITIGATION AND SETTLEMENT ....................................2

    A.    History of the Proceedings......................................................2

    B.    Mediation and Negotiation of the Settlement .........................................3

III.   THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS FOR CERTIFYING A SETTLEMENT CLASS...................................................4

    A.    Definition of the Proposed Settlement Class ..........................................4

    B.    The Settlement Class Satisfies the Requirements for Certification of a Rule 23(b)(3) Settlement Class.....................................................5

        1.    The Settlement Class Satisfies Rule 23(a) ....................................5

        2.    The Settlement Class Satisfies Rule 23(b)(3) ................................7

IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE FINALLY APPROVED.................................9

    A.    Applicable Legal Standard for Final Approval.........................................9

    B.    The Terms of the Settlement Are Fair, Reasonable and Adequate......................10

        1.    Account Value Bonus ...................................................10

        2.    Annuitization Bonus ...................................................11

        3.    Bonus for Surrendered Annuities.........................................11

        4.    Enhanced Death Benefit .................................................11

        5.    Other Relief..........................................................12

    C.    Under Ninth Circuit Law, the Settlement Warrants Final Approval ...................12

        1.    The Strength of the Plaintiff's Case/Risks of Further Litigation/Risks of Maintaining Class Action Status.................................12

        2.    The Proposed Settlement Has "No Obvious Deficiencies" ......................12

        3.    The Proposed Relief Does Not "Grant Preferential Treatment" to the Class Representative ...............................................13

        4.    The Proposed Relief Is Within the "Range of Possible Approval" ...........13

        5.    Amount Offered in Settlement.............................................15

1

2                                                                                           **Page**

3              6.      The Settlement Is the Product of Prolonged Litigation and Serious,
                       Non-Collusive Negotiations..................................................................15
4
               7.      The Reaction of Class Members .............................................................16
5
V.     THE IMPLEMENTED NOTICE PROGRAM PROVIDES ADEQUATE
6      NOTICE TO THE SETTLEMENT CLASS................................................................17

7      A.      The Class Notice Provided the Best Practicable Notice, Including Direct
               Notice, to All Identifiable Settlement Class Members ..........................................17
8
       B.      The Class Notice Adequately Informed Settlement Class Members of the
9              Settlement ...............................................................................................18

10     C.      The Class Notice Program Adequately Explained the Procedures to
               Request Exclusion or to Object...................................................................18
11
       D.      The Class Notice Program Adequately Informed the Settlement Class
12             Members of the Final Fairness Hearing.....................................................19

13 VI.   CONCLUSION............................................................................................19

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR
                     FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW

1

<b>TABLE OF AUTHORITIES</b>

2

<b>Page</b>

3

**CASES**

4

5

*Adams v. Inter-Con Sec. Sys., Inc.,*
No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)....................................16

6

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).........................................9

7

*Chisolm v. TranSouth Fin. Corp.,*
8    194 F.R.D. 538 (E.D. Va. 2000) ...............................................................................8

9    *Churchill Village, L.L.C. v. General Elec.,*
361 F.3d 566 (9th Cir. 2004)........................................................5, 9, 16, 18

10

11   *Class Plaintiffs v. Seattle,*
955 F.2d 1268 (9th Cir. 1992) ........................................................................4

12
*EEOC v. Hiram Walker & Sons, Inc.,*
13   768 F.2d 884 (7th Cir. 1985) ......................................................................17

14   *Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ................................................... *passim*

15

16   *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.,*
263 F.R.D. 226 (E.D. Pa. 2009)..............................................................14

17
*In re CV Therapeutics,*
18   No. C-03-3709 (SI), 2007 WL 1033478 (N.D. Cal. Apr. 4, 2007)...........................13

19   *In re Emulex Corp. Sec. Litig.,*
210 F.R.D. 717 (C.D. Cal 2002)................................................................7

20

21   *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*
55 F.3d 768 (3d. Cir. 1995).........................................................................9

22   *In re Integra Realty Res., Inc.,*
23   262 F.3d 1089 (10th Cir. 2001) ................................................................17

24   *In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) ....................................................................7

25

26   *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,*
MDL No. 07-1825 (C.D. Cal.)..............................................................8, 14

27   *Mullane v. Central Hanover Bank & Trust Co.,*
28   339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ..............................................17

**Page**

*National Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ..............................................................10, 15

*Negrete v. Allianz Life Ins. Co.*,
   238 F.R.D. 482 (C.D. Cal. 2006) .........................................................................8

*Negrete v. Fidelity & Guar. Life Ins. Co.*,
   No. CV-05-6837-CAS(MANx) (C.D. Cal.)......................................................8, 14

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ...........................................................................2, 9

*Rodriquez v. West Publ'g Co.*,
   563 F.3d 948 (9th Cir. 2009) .................................................................2, 12, 16

*Strube v. Am. Equity Inv. Life Ins. Co.*,
   226 F.R.D. 688 (M.D. Fla. 2005)........................................................................14

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ................................................................................9

*Wal-Mart v. Dukes*,
   __ U.S. __, 131 S. Ct. 2541, L. Ed. 2d 374 (2011)............................................6

*Wolin v. Jaguar Land Rover North Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ............................................................................5

*Young v. Polo Retail LLC*,
   No. C-02-4546 VRW, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ...................12

*Zhu v. Fujitsu Group 401(k) Plan*,
   No. C-03-1148 RMW, 2004 WL 3252573 (N.D. Cal. Mar. 3, 2004) .....................5

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ............................................................................8


**STATUTES, RULES AND REGULATIONS**

18 United States Code
   §1962(b)-(d)..........................................................................................................2

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW

**Page**

Federal Rules of Civil Procedure
Rule 23 ...................................................................................................................2, 4, 17
Rule 23(a)..................................................................................................................5, 7, 9
Rule 23(a)(1)..................................................................................................................5
Rule 23(a)(2)..................................................................................................................5
Rule 23(a)(3)..................................................................................................................6
Rule 23(a)(4)..................................................................................................................6
Rule 23(b)(3)........................................................................................................... *passim*
Rule 23(c)(2)(B) ........................................................................................................2, 18
Rule 23(c)(3)................................................................................................................18
Rule 23(e)...................................................................................................2, 9, 10, 19
Rule 23(e)(2)..................................................................................................................9
Rule 23(e)(B)..................................................................................................................2
Rule 23(h)(1) ................................................................................................................18

California Business and Professions Code
§17200...........................................................................................................................2
§17500...........................................................................................................................2

California Welfare and Institutions Code
§15600...........................................................................................................................2

**SECONDARY AUTHORITIES**

1 William B. Rubenstein, Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions* (4th ed. 2002)
   §3:13 ...........................................................................................................................6

*Manual for Complex Litigation* (4th ed. 2004)
   §21.312......................................................................................................................18
   §21.633.................................................................................................................18, 19
   §21.634......................................................................................................................19

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW

1   TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that on August 12, 2011, at 9:00 a.m., before the Honorable

3   Ronald M. Whyte, in Courtroom 6, 4th Floor of the above-entitled Court, located at 280 South First

4   Street, San Jose, California, Plaintiff Friou P. Jones ("Plaintiff") will and hereby does, through

5   undersigned counsel, move this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure

6   for a final order and judgment: (1) certifying the Settlement Class; (2) granting final approval of the

7   Settlement Agreement ("Agreement"); (3) directing the entry of Final Judgment; and (4) dismissing

8   the Action (including all individual and Class claims presented thereby) with prejudice.

9          Plaintiff's motion is based on this notice of motion and memorandum, the memorandum of

10  points and authorities in support of attorneys' fees, the declarations of counsel, the Court's file, and

11  such further oral and documentary evidence as may be presented at the hearing on this motion.

12                           **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **I.     INTRODUCTION**

14         The Settlement reached by the parties achieves an excellent result for more than 10,200

15  senior citizens (or their beneficiaries) across the country who purchased deferred annuity products

16  from defendants Conseco Insurance Company, Conseco Services, LLC, and Conseco Marketing,

17  LLC ("Defendants").  Indeed, the Agreement provides members of the Settlement Class valuable

18  economic relief in the form of an Account Value Bonus, Annuitization Bonus, Bonus for

19  Surrendered Annuities and Enhanced Death Benefit.

20         The parties reached this Agreement only after engaging in extensive, arm's-length

21  negotiations under the guidance of a well-respected mediator, the Honorable Edward A. Infante

22  (Ret.) of JAMS.  The Agreement fully and fairly resolves the claims of Plaintiff and other similarly-

23  situated elderly annuity purchasers and will eliminate the substantial expense, burdens and risks

24  associated with continued litigation.  Additionally, the proposed Settlement compares favorably with

25  class settlements approved in similar cases involving the sale of deferred annuities, appropriately

26  reflects the strengths and weaknesses of the parties' claims and defenses, and provides finality and

27  certainty to Plaintiff, Defendants and all Class Members.

28

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW          - 1 -

1    Consistent with relevant Ninth Circuit authority, the parties' Agreement should be reviewed

2    pursuant to Rule 23(e) of the Federal Rules of Civil Procedure under "the universally applied

3    standard [of] whether the settlement is fundamentally fair, adequate, and reasonable." *Officers for*

4    *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  The Court should examine "'the

5    settlement taken as a whole, rather than the individual component parts . . . for overall fairness.'"

6    *Rodriquez v. West Publ'g Co.*, 563 F.3d 948, 964 (9th Cir. 2009) (quoting *Hanlon v. Chrysler Corp.*,

7    150 F.3d 1011, 1026 (9th Cir. 1998)).

8    As discussed below, the valuable economic relief attained for Class Members as a result of

9    the Agreement, as well as the complete satisfaction of the requirements of Rule 23, mandates a

10   finding that the Agreement is indeed fair, reasonable and adequate.  Further, the proposed Settlement

11   Class meets all the requirements for certification of a settlement class, and the Class Notice has

12   satisfied all of the requirements of Rule 23(c)(2)(B) and (e)(B), as it provides the best notice

13   practicable under the circumstances.  Plaintiff therefore moves this Court for a final order and

14   judgment certifying the Settlement Class and granting final approval of the Agreement, directing

15   entry of Final Judgment, and dismissing the Action with prejudice.

16   ## II.    BACKGROUND OF THE LITIGATION AND SETTLEMENT

17   ### A.    History of the Proceedings

18   On April 27, 2007, Plaintiff filed the Second Amended Consolidated Class Action Complaint

19   ("Complaint"), the operative complaint, which asserts causes of action for violations of civil RICO,

20   18 U.S.C. §1962(b)-(d), Financial Elder Abuse, Cal. Welf. & Inst. Code §15600 *et seq.*, Unfair

21   Competition and False Advertising, Cal. Bus. & Prof. Code §17200 *et seq.*, and Cal. Bus. & Prof.

22   Code §17500 *et seq.*, in connection with the marketing and sale of Conseco deferred annuities to

23   senior citizens.  The Complaint alleges that Defendants marketed and sold poorly-performing and

24   illiquid deferred annuities to senior citizens by presenting them with standardized sales materials that

25   misrepresented or otherwise concealed the annuities' true costs and other adverse features.

26   Agreement at 1; Joint Declaration of Theodore J. Pintar and Stephen R. Basser in Support of

27   Plaintiff's Motion for an Award of Attorneys' Fees, Expenses and Service Award, Dkt. No. 217

28   ("Joint Decl."), ¶6.

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW                    - 2 -

1    Defendants deny any and all liability and wrongdoing alleged in the Action and further deny

2    that Plaintiff, or any members of the class he purports to represent, have suffered any damage.

3    Agreement at 1; Joint Decl., ¶¶7, 24-25.

4    Since the filing of the original class action complaint over five years ago, the Action has been

5    aggressively litigated by both sides, as the parties have engaged in substantial motion practice and

6    discovery.  Highlighting the hard-fought nature of the litigation, Defendants filed multiple motions

7    to dismiss, resulting in a three-year battle over the sufficiency of the pleadings.  Dkt. Nos. 18, 49, 88,

8    103; Joint Decl., ¶7.  Defendants finally filed their answer to the Complaint on January 20, 2009.

9    Dkt. No. 155; Joint Decl., ¶7.

10   On June 7, 2010, Plaintiff filed his motion for class certification.  Dkt. Nos. 177-182; Joint

11   Decl., ¶9.  Defendants filed their opposition to class certification on August 23, 2010.  Dkt. Nos.

12   188-194; Joint Decl., ¶9.  Both parties submitted the declarations of experts in support of their

13   respective positions.  Dkt. Nos. 180, 190-194.  The Court continued the deadline for the filing of

14   Plaintiff's reply to allow the parties to engage in settlement discussions.  Joint Decl., ¶10.

15   Discovery in this case has been extensive.  During the course of the Action, Class Counsel

16   reviewed over 350,000 pages of documents produced by Defendants and third-parties, analyzed

17   extensive actuarial and product data and took the depositions of numerous Conseco executives and

18   employees.  Joint Decl., ¶¶11-14.  The parties also participated in numerous meet-and-confer

19   conferences and engaged in motion practice to resolve certain discovery issues.  *Id.*  Moreover, had

20   settlement discussions not occurred, the parties would have likely engaged in extensive expert

21   discovery.  *Id.*

22   **B.     Mediation and Negotiation of the Settlement**

23   The parties were only able to settle the Action after engaging in intense, arm's-length

24   negotiations that spanned more than two years.  Joint Decl., ¶¶15-17.  In addition to direct settlement

25   negotiations, the parties agreed to mediation before Judge Infante of JAMS, who assisted them in

26   resolving difficult issues concerning the potential settlement benefits to the Class.  *Id.*  Under Judge

27   Infante's guidance, the parties worked many hours to reach the terms embodied in the Agreement.

28   Importantly, the parties have conducted their own investigation and evaluation of the relevant law

1  and facts necessary to assess the strengths and weaknesses of Plaintiff's allegations and claim for

2  damages, as well as Defendants' defenses. *Id.*, ¶¶28-29.  Based on these investigations, the parties

3  independently concluded that entering in the proposed Settlement was in their best interests.  *Id.*

### III.  THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS FOR CERTIFYING A SETTLEMENT CLASS

Strong judicial policy favors settlement of class actions.[1]  *Class Plaintiffs v. Seattle*, 955 F.2d

1268, 1276 (9th Cir. 1992).  In its Findings and Order Preliminarily Approving Class Settlement,

Directing Issuance of Notice to the Class, and Setting of Fairness Hearing ("Preliminary Approval

Order"), dated April 25, 2011 (Dkt No. 212), the Court provisionally certified the Settlement Class

and "determined the proposed Settlement to be fair, reasonable, adequate and within the range of

possible approval." Preliminary Approval Order, ¶6.  The Court also reviewed the notice provisions

of §4 of the Agreement, including the Class Notice itself, and found that mailing the Class Notice to

the last known addresses of the Class Members:  (i) "constitutes the best practicable notice under the

circumstances," (ii) "is reasonably calculated to apprise Class Members of the pendency of the

Action and of their right to object to or exclude themselves from the proposed Settlement," (iii) "is

reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive

notice," (iv) and "meets all applicable requirements of Rule 23 of the Federal Rules of Civil

Procedure, the United States Constitution, and its Amendments."  Preliminary Approval Order, ¶8.

The Court also appointed Plaintiff Jones to serve as Class Representative and the firms of Robbins

Geller Rudman & Dowd LLP ("Robbins Geller") and Barrack, Rodos & Bacine ("Barrack Rodos")

to serve as Class Counsel.  Preliminary Approval Order, ¶3.

#### A.  Definition of the Proposed Settlement Class

Plaintiff requests that the Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil

Procedure, finally certify the Settlement Class, as defined in the Agreement:

> Any person or trust who has not made a valid request for exclusion from the Settlement Class and who is, as of the Eligibility Date, or who was at the time of the Annuity's termination prior to the Eligibility Date, an Owner, as defined in this Agreement, of an Annuity, or a Beneficiary of a deceased Owner, provided that

---

[1]      Unless otherwise noted, citations are omitted and emphasis is added.

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW                    - 4 -

Defendants' records show that one of the Annuity's Owners as of the Eligibility Date is, or one of the Annuity's Owners at the time of termination was: (a) a natural person who was age 65 or older on the Annuity's date of issue; or (b) a trust, and at least one Annuitant was age 65 or older on the Annuity's date of issue; except that, "Class Member," "Class Members," and "Settlement Class," do not include a person or trust: (a) who is or was an Owner of an Annuity: (i) that was issued but not accepted or was returned to the Company as part of the exercise of the free-look provision in the Annuity or was otherwise rescinded; (ii) that was surrendered in full without incurring any Surrender Charge; (iii) that was Annuitized and the Annuity Payments have ceased; or (iv) that was owned by a natural person under age 65, and in which no person age 65 or older had an ownership interest at the time of purchase; (b) who signed a document that released any of the Defendants from any further claims concerning the Annuity; (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; (d) who is or was a member of the Board of Directors, an officer, shareholder or employee of Defendants at any time during the Class Period, as well as the parents, affiliates, legal representatives, attorneys, successors, or assigns of Defendants; (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; (f) who is a person or entity hired to administer the terms of the Settlement; and (g) which is a corporation or legal entity other than a trust or natural person.

Agreement, §1.17.

### B.   The Settlement Class Satisfies the Requirements for Certification of a Rule 23(b)(3) Settlement Class

The Ninth Circuit strongly encourages the approval of class action settlements and certifying a settlement class is part of that process. *Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 572 (9th Cir. 2004). The Court should finally certify the Settlement Class, as it satisfies all of the requirements of Rules 23(a) and 23(b)(3).

### 1.   The Settlement Class Satisfies Rule 23(a)

Rule 23(a) is made up of four subparts, all of which are met here. First, the Class satisfies numerosity. The Settlement Class includes over 10,200 senior citizens, which is more than sufficient to satisfy numerosity under Rule 23(a)(1). Declaration of Patrice Sexton in Support of Motion for Final Approval of Class Action Settlement, filed concurrently ("Sexton Decl."), ¶4; *see, e.g.*, *Zhu v. Fujitsu Group 401(k) Plan*, No. C-03-1148 RMW, 2004 WL 3252573, at *5 (N.D. Cal. Mar. 3, 2004) (class of approximately 139 members sufficient to satisfy numerosity requirement).

Second, the requirement of commonality under Rule 23(a)(2) is satisfied. "Commonality exists where class members' 'situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'" *Wolin v. Jaguar Land*

1  *Rover North Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010); *see also Wal-Mart v. Dukes*, __ U.S.

2  __, 131 S. Ct. 2541, 2551, L. Ed. 2d 374 (2011) ("Commonality requires the plaintiff to demonstrate

3  that class members 'have suffered the same injury.'").   Finding that commonality should be

4  construed "permissively," the Ninth Circuit in *Hanlon* explained: "The existence of shared legal

5  issues with divergent factual predicate is sufficient, as is a common core of salient facts coupled with

6  disparate legal remedies within the class." 150 F.3d at 1019.  Here, the claims of Plaintiff and the

7  other Class Members arise out of Defendants' alleged scheme to market and sell Conseco deferred

8  annuities to senior citizens, using standardized written sales materials that misrepresented and

9  concealed those annuities' high costs, poor performance and illiquidity.  Plaintiff's claims for

10 economic and injunctive relief are brought on behalf of all senior citizens in the same or similar

11 situation, and likewise those claims have been settled on terms that are identical for Class Members

12 in the same or similar circumstances.  Commonality is therefore satisfied.

13         Third, the related requirement of typicality under Rule 23(a)(3) is met.  Typicality focuses on

14 the relationship of facts and issues between the class and its representative.  1 William B.

15 Rubenstein, Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, §3:13 (4th ed. 2002).

16 Claims of the class representative need not be substantially identical to the absent class members; it

17 is enough if they are reasonably coextensive.  *Hanlon*, 150 F.3d at 1020.  As detailed in the

18 Complaint, Plaintiff and Class Members allege the same illegal practices and claims, all arising from

19 the same alleged overarching fraudulent scheme to market and sell Conseco annuities.  Plaintiff

20 would have demonstrated his claim and injury using the same common evidence of the claims and

21 injuries suffered by the Settlement Class.  This common evidence includes the standardized written

22 sales materials and annuity contracts issued by Defendants, Defendants' own actuarial and product

23 documents, and expert testimony.  Because Plaintiff's claims are coextensive with the claims of all

24 other seniors in the Settlement Class and can be proven with the same overarching evidence, the

25 requirement of typicality is satisfied.

26         The fourth and final requirement of adequacy under Rule 23(a)(4) is also satisfied.  To

27 determine adequacy, the Ninth Circuit looks to: (1) the absence of any conflict between the named

28 plaintiffs and class counsel, on one hand, and the class members, on the other hand; and (2) whether

1  the named plaintiffs and class counsel will vigorously prosecute the action on behalf of the class.  *In*

2  *re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).  "To satisfy constitutional due

3  process concerns, absent class members must be afforded adequate representation before entry of a

4  judgment which binds them."  *Hanlon*, 150 F.3d at 1020.  Here, there is no conflict of interest

5  between Plaintiff and the Class.  Each Class Member will benefit identically or similarly, according

6  to their situation and circumstances, as a result of the proposed Settlement.

7      Moreover, the Court has observed Class Counsel's vigorous prosecution of the Action in

8  motion practice both on procedural issues and on the merits.  *See Hanlon*, 150 F.3d at 1022.  Class

9  Counsel have proven to be capable, efficient and expeditious.  *See In re Emulex Corp. Sec. Litig.*,

10  210 F.R.D. 717, 720 (C.D. Cal 2002) (court evaluating adequacy of counsel's representation may

11  examine "the attorneys' professional qualifications, skill, experience, and resources [and] the

12  attorneys' demonstrated performance in the suit itself").  Class Counsel's extensive investigation,

13  persistent litigation efforts, and successful negotiation of this Settlement demonstrate a high level of

14  representation that readily meets the standard of adequacy.

15      **2.      The Settlement Class Satisfies Rule 23(b)(3)**

16      In addition to meeting the requirements of Rule 23(a), the Settlement Class satisfies the

17  predominance and superiority requirements of Rule 23(b)(3).  *Hanlon*, 150 F.3d at 1022.  "To

18  qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in addition to the

19  Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only

20  individual members,' and class resolution must be 'superior to other available methods for the fair

21  and efficient adjudication of the controversy.'"  *Id.*  Rule 23(b)(3) looks to "whether proposed

22  classes are sufficiently cohesive to warrant adjudication by representation."  *Id.*

23      In approving a nationwide settlement class, the Ninth Circuit stated in *Hanlon* that

24  certification under Rule 23(b)(3) "is appropriate 'whenever the actual interests of the parties can be

25  served best by settling their differences in a single action.'"  *Hanlon*, 150 F.3d at 1022.  "[A]lthough

26  some class members may possess slightly differing remedies based on state statute or common law,

27  the actions asserted by the class representatives are not sufficiently anomalous to deny class

28

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW                                      - 7 -

1  certification." *Id*.  "[T]he idiosyncratic differences between state consumer protection laws are not

2  sufficiently substantive to predominate over the shared claims." *Id*.

3        Here, a common nucleus of facts and legal claims dominates the litigation.  This case falls

4  squarely within the category of cases traditionally found suitable for class certification because it is

5  based on a centrally orchestrated fraudulent scheme to sell deferred annuities through the use of

6  uniformly misleading sales documents.  *See Negrete v. Allianz Life Ins. Co.*, 238 F.R.D. 482, 496

7  (C.D. Cal. 2006) (certifying annuity class action based on misrepresentations in company's

8  standardized sales materials).  Indeed, the Settlement is very similar to the class action settlements

9  that were finally approved in *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, MDL

10  No. 07-1825 CAS(MANx) (C.D. Cal.) ("*Midland*"), and *Negrete v. Fidelity & Guar. Life Ins. Co.*,

11  No. CV-05-6837-CAS(MANx) (C.D. Cal.) ("*F&G*"), both of which likewise involved the sale of

12  costly, poorly performing and illiquid deferred annuities to senior citizens.  Schemes predicated on

13  centrally orchestrated frauds, "especially frauds predicated upon documents," are traditionally found

14  "suitable for class action treatment." *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 564 (E.D.

15  Va. 2000).  Predominance in this case is readily demonstrated.

16        Further, the class resolution here is superior to "other available methods for the fair and

17  efficient adjudication of the controversy." *Hanlon*, 150 F.3d at 1023.  In considering the

18  "superiority" factors under Rule 23(b)(3), the Court is "to focus on the efficiency and economy

19  elements of the class action so that cases allowed under subdivision (b)(3) are those that can be

20  adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Inst., Inc.*, 253

21  F.3d 1180, 1190 (9th Cir. 2001).

22        In this instance, Plaintiff seeks certification of a Settlement Class to resolve federal and state

23  law claims that seek recovery of economic damages arising out of Defendants' marketing and sale of

24  deferred annuities, which were allegedly burdened with high costs and other adverse features.  It is

25  neither economically feasible nor judicially efficient for over 10,200 senior citizens to pursue their

26  claims against Defendants on an individual basis.  Moreover, manageability, even if problematic in a

27  litigation context, is not an issue in the context of a class settlement.  The Supreme Court has

28  explained that a settlement class need not be manageable as a trial class action in order to be certified

as a settlement-only class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Accordingly, as all of the requirements of Rules 23(a) and 23(b)(3) are met, this Court should finally certify the Settlement Class.

## IV.     THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE FINALLY APPROVED

### A.     Applicable Legal Standard for Final Approval

Rule 23(e) provides that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The Court may approve a settlement to the extent that it binds class members, "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Officers for Justice*, 688 F.2d at 625 (a class action settlement should be reviewed under "the universally applied standard [of] whether the settlement is fundamentally fair, adequate, and reasonable").

Settlements of complex class actions prior to trial are strongly favored. *See Churchill Village*, 361 F.3d at 576. Settlements are particularly favored "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d. Cir. 1995). As the Ninth Circuit explained in *Hanlon*:

> Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. The Ninth Circuit consistently has applied this non-exclusive list of factors to assess whether, taken as a whole, the settlement is fair. *See, e.g., Churchill Village*, 361 F.3d at 575-76.[2]

---

[2]     Because the settlement factors are non-exclusive, discussion of those factors that Plaintiff does not believe to be relevant to this case have been omitted. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

1  Moreover, where, as here, a proposed settlement has been reached after discovery and arm's-

2  length negotiations conducted by capable counsel, and with the assistance of a well-respected

3  mediator, the settlement should be "presumed fair." *National Rural Telecomms. Coop. v. DIRECTV,*

4  *Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

5  **B.    The Terms of the Settlement Are Fair, Reasonable and Adequate**

6  As detailed herein, the Settlement terms are fair, reasonable and adequate in accordance with

7  Rule 23(e).  "It is the settlement taken as a whole, rather than the individual component parts, that

8  must be examined for overall fairness."  *Hanlon*, 150 F.3d at 1026.

9  Under the Agreement, members of the Settlement Class who choose not to be excluded will

10  receive significant financial relief, depending on the status of their Annuity, in the form of either an:

11  (i) Account Value Bonus; (ii) Annuitization Bonus; (iii) Bonus for Surrendered Annuities; or

12  (iv) Enhanced Death Benefit.  Agreement, §3.1.  These settlement benefits provide direct economic

13  relief to Class Members who have been affected by the alleged adverse features of Defendants'

14  annuities, including their high, embedded costs and illiquidity.  Indeed, the Settlement provides an

15  average of $244 in economic relief for each Class Member.  Declaration of Phong L. Tran in Support

16  of Final Approval of Class Action Settlement ("Tran Decl."), ¶4, filed concurrently.

17  **1.    Account Value Bonus**

18  A Class Member who is an Owner of an Active Deferred Annuity (*i.e.*, an Annuity that has

19  not been Annuitized, fully surrendered, returned under a "free-look" provision, or otherwise been

20  rescinded, or for which a death benefit has not become payable) as of the Eligibility Date is entitled

21  to receive an Account Value Bonus with respect to that Annuity.  Class Members who qualify for the

22  Account Value Bonus will receive a one-time additional interest payment, calculated as the

23  Applicable Percentage of the Accumulation Value added to the Accumulation Value, for each Active

24  Deferred Annuity.  Agreement, §3.2  The Applicable Percentage, as used to determine the Account

25  Value Bonus, shall be 0.532% of the Accumulation Value of the Active Deferred Annuity; provided,

26  however, that the Applicable Percentage will be adjusted, if necessary, so that the total of all

27  settlement benefits paid by Defendants pursuant to this Agreement will be no more or no less than

28

1   the amount of $2.25 million (excluding the cost of class notice and settlement administration, Class

2   Counsel Payment and the service award).  *Id.*, §1.12.

3        The additional interest payment, provided through the Account Value Bonus, will be

4   calculated and credited to Class Members' Active Deferred Annuities as of the Implementation Date.

5   The Account Value Bonus is separate and apart from any other guaranteed or non-guaranteed

6   interest rate that may be credited to Class Members under the terms of their Annuity contracts or

7   pursuant to company practice.  *Id.*, §3.2

8                **2.**       **Annuitization Bonus**

9        If a Class Member has Annuitized his or her Annuity on or prior to the Eligibility Date, then

10   each remaining Annuity Payment after the Implementation Date will be increased by 2.5%, relative

11   to the amount scheduled to be paid in the absence of this Settlement.  Agreement, §3.3.

12                **3.**       **Bonus for Surrendered Annuities**

13        If a Class Member fully surrendered his or her Annuity on or prior to the Eligibility Date and

14   that Annuity was subject to a Surrender Charge, the Class Member will receive a 0.4% increase to

15   the amount of the withdrawal.  Agreement, §3.4.

16                **4.**       **Enhanced Death Benefit**

17        Any Annuity of which the Owner, who purchased his or her annuity during the Class Period

18   and passed away on or prior to the Eligibility Date, shall be eligible for an increase of 0.5% to the

19   death benefit amount provided under the Annuity.  The Enhanced Death Benefit will be available to

20   the Beneficiary or Beneficiaries of the Annuity, as specified by the terms of the Annuity contract,

21   provided that each Beneficiary qualifies as a Class Member as defined in §1.17 of the Agreement

22   and further provided that each eligible Beneficiary seeking the Enhanced Death Benefit completes,

23   signs and submits to Conseco Services LLC, postmarked no later than 60 days after the mailing of

24   the Class Notice, the Enhanced Death Benefit Claim Form appended to the Class Notice.  When an

25   Annuity includes multiple eligible Beneficiaries, the Enhanced Death Benefit will be divided among

26   the Beneficiaries according to their respective interests, as designated in the Annuity.  *Id.*, §3.5.

27   Regardless of the number of Beneficiaries designated in an Annuity, the Enhanced Death Benefit

28   will not exceed 0.5% of the death benefit amount provided under the Annuity.  *Id.*

1

### 5.     Other Relief

2       Additionally, Defendants have agreed to pay Plaintiff $2,500 as a service award for his

3   participation as the Class Representative.[3]  Agreement, §§1.20, 8.1.  This service award is in addition

4   to any benefits Plaintiff is entitled to receive as a Class Member.  Defendants also agree to an award

5   for attorneys' fees and costs not to exceed an aggregate amount of $750,000.  *Id.*, §8.2.  As detailed

6   in Plaintiff's Notice of Motion and Motion for an Award of Attorneys' Fees, Expenses, and Service

7   Award ("Fee Brief"), neither the service award nor the attorneys' fees and expenses will in anyway

8   reduce any of the other benefits provided to the Settlement Class.  Fee Brief at 2.

9       **C.     Under Ninth Circuit Law, the Settlement Warrants Final Approval**

10      By applying the above-enumerated factors set forth by the Ninth Circuit, it is clear that the

11  Settlement should be finally approved.

12      **1.     The Strength of the Plaintiff's Case/Risks of Further
13            Litigation/Risks of Maintaining Class Action Status**

14      As recognized by this Court in the Preliminary Approval Order, both parties vigorously

15  asserted their positions.  Preliminary Approval Order, ¶¶1-4.  While Plaintiff believes the Action

16  warrants certification as a litigation class and presents a strong case for liability, Defendants have

17  vigorously contested certification and continue to deny any wrongdoing or liability.  Joint Decl.,

18  ¶¶24-26.  Plaintiff therefore recognizes the significant risks and uncertainty if the action proceeds to

19  trial.  *Id.*

20      **2.     The Proposed Settlement Has "No Obvious Deficiencies"**

21      The proposed Settlement "has no obvious deficiencies."  *Young v. Polo Retail LLC*, No. C-

22  02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  To the contrary, as described

23  herein, the Settlement favorably compares to other settlements of similar class action claims and is

24  structured to address the alleged shortcomings in Defendants' annuities.  Indeed, the Settlement

25

26  _____

27  [3]      As the Ninth Circuit recently observed in *Rodriguez*, "[i]ncentive awards are fairly typical in

28  class action cases."  563 F.3d at 958.

provides valuable economic benefits, which are specifically tailored to the circumstances of Class

Members and Defendants' challenged conduct.  Joint Decl., ¶¶34-36.

### 3. The Proposed Relief Does Not "Grant Preferential Treatment" to the Class Representative

Plaintiff does not receive any unduly preferential treatment under the proposed Settlement.

The service award of up to $2,500 that Plaintiff will receive under the Settlement is reasonable

compensation for the time and effort he devoted to prosecuting the common claims.  This award is not

excessive and does not amount to preferential treatment.  *See, e.g.*, *In re CV Therapeutics*, No. C-03-

3709 (SI), 2007 WL 1033478, at *3 (N.D. Cal. Apr. 4, 2007) (awarding $26,000 to lead plaintiff).  Nor

does the proposed Settlement provide excessive compensation to Plaintiff's counsel.  The proposed

Settlement contemplates a fee and expense award not to exceed $750,000.   This amount is

considerably *less* than Plaintiff's counsel's lodestar and expenses.  *See* Joint Decl., ¶¶33-37, and

supporting declarations of Class Counsel.  Moreover, Plaintiff's requested fee award represents

approximately 33% of the $2.25 million Settlement value, which is within the range of percentage

recovery permitted by the Ninth Circuit.  *See* Fee Brief at 17-18.  Plaintiff's counsel's proposed fee

award under the Settlement is especially modest in that it encompasses all of counsel's future, post-

approval work necessary to effectuate the Settlement, such as monitoring claims administration,

responding to Class Member inquiries and litigating any appeals.  As demonstrated in Plaintiff's Fee

Brief and supporting materials, filed June 9, 2011, Plaintiff's requested fee is appropriate and

reasonable in light of the time, effort and resources expended to resolve this Action and the substantial

settlement benefits that Plaintiff's counsel will have achieved on behalf of Class Members.

### 4. The Proposed Relief Is Within the "Range of Possible Approval"

The proposed Settlement also falls well within the "range of possible approval," as it

provides carefully-tailored economic benefits to all Class Members, without the risk and delays of

continued litigation, trial and appeal.  The relief offered under the proposed Settlement specifically

addresses Defendants' alleged deceptive sales and marketing practices, including their alleged mis-

statements and omissions concerning the costs of their annuities and their use of a product spread to

recover those costs.  The proposed Settlement also addresses the surrender penalties and illiquidity

1  allegedly associated with the Annuities. Settlement Class Members will be able to receive Settlement

2  relief in the form of the Account Value Bonus, the Annuitization Bonus, the Bonus for Surrendered

3  Annuities and Enhanced Death Benefit.

4        As noted, the proposed Settlement compares favorably with class settlements approved in

5  similar cases alleging misrepresentations in connection with the marketing and sale of deferred

6  annuity products, such as the *F&G* and *Midland* settlements.  *See F&G*, No. 05-6837-CAS (MANx)

7  (C.D. Cal.);  *Midland*, MDL No. 07-1825 CAS (C.D. Cal.).  In fact, the Account Value Bonus,

8  Annuitization Bonus, Bonus for Surrendered Annuities and Enhanced Death Benefit offered under

9  the proposed Settlement are more beneficial to Class Members than the corresponding relief afforded

10  under other annuity class action settlements.  *See, e.g.*, *In re Am. Investors Life Ins. Co. Annuity*

11  *Mktg. & Sales Practices Litig.*, 263 F.R.D. 226 (E.D. Pa. 2009) (automatic annuitization bonus of

12  .4% for contracts in deferral with possible additional bonus up to 2% as part of claims process, with

13  no waiver of penalties for surrendered contracts); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D.

14  688 (M.D. Fla. 2005) (2% annuitization bonus for annuities with a minimum 10 year payout required

15  and unspecified relief as part of claims process).

16        Importantly, the proposed Settlement recognizes the inherent risks, costs and delay associated

17  with the continued prosecution of this complex class action lawsuit. If this litigation were to proceed

18  to trial, there is no guarantee against a defense verdict.  Furthermore, even if a judgment were

19  obtained against Defendants at trial, the recovery might be of no greater value to the Settlement

20  Class and indeed might be substantially less valuable than the proposed Settlement.  And, even if

21  Plaintiff ultimately prevailed, it could be years before Class Members would receive any recovery,

22  given the likelihood of appeals.  The proposed Settlement is the best vehicle to assure that Class

23  Members receive the relief with respect to the challenged conduct in a prompt and efficient fashion.

24  Joint Decl., ¶¶24-26.

25        Indeed, the price of delay is particularly high in this litigation because it was brought on

26  behalf of elderly consumers who may not be able to wait years for relief.  Thus, although the Parties

27  have already engaged in protracted litigation, continuation of the litigation would be extremely

28  expensive and risky, and in the absence of the proposed Settlement, senior annuity purchasers would

1   have to wait substantially longer before they obtain any relief, even assuming Plaintiff successfully

2   overcame every obstacle to relief.  *Id.*

3       Without question, the Parties worked long and hard to achieve a comprehensive Settlement

4   that provides valuable and far-reaching benefits for the Settlement Class.  *Id.*, ¶¶17, 24-27.  There is

5   no reason to doubt the fairness, reasonableness and adequacy of the proposed Settlement, which is

6   surely within the range of possible approval.

7                   **5.       Amount Offered in Settlement**

8       The terms of the Agreement meet the standard for "overall fairness."  *See Hanlon*, 150 F.3d

9   at 1026.  Class Members will receive the same type of relief that they could seek in trial, and

10  possibly more than they would receive if they proceeded with litigation.  Indeed, the Settlement

11  provides each Class Member, on average, an estimated $244 in economic relief.  Tran Decl., ¶4.  In

12  addition, the Parties have agreed to a Release that is properly tailored to this case and is fair and

13  reasonable.  The definitions and terms of the Release are set forth more fully in the Agreement.  *See*

14  Agreement, §§7.1-7.4.

15              **6.       The Settlement Is the Product of Prolonged Litigation and
                            Serious, Non-Collusive Negotiations**

16

17      The Court is familiar with the long and adversarial history of this case.  The parties only

18  agreed to the terms of the Settlement after conducting substantial fact investigation, discovery, and

19  expert consultations, and litigating the merits of Plaintiff's claims, including motions to dismiss and

20  class certification.  Joint Decl., ¶¶5-21, 24-27.  It is not a case in which the lawsuit was filed and the

21  proposed Agreement was presented quickly.  *Id.*  After five years of litigation, both the parties and

22  the Court are in a position to assess the relative strength of the case, the risks of the uncertainty of

23  litigation, and the comparative benefits of settling the action prior to trial.  *Id.*, ¶¶24-27.  Thus, the

24  progress of the litigation, including the amount of discovery completed, favors final approval of the

25  Settlement.

26      Additionally, the informed, arm's-length settlement negotiations demonstrate the fairness of

27  the Settlement.  *Id.*, ¶¶15-21, 24-27.  "A settlement following sufficient discovery and genuine

28  arm's-length negotiation is presumed fair."  *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 528.  As in

1    *Hanlon*, "[t]here is no evidence to suggest that the settlement was negotiated in haste or in the

2    absence of information illuminating the value of plaintiff's claims." 150 F.3d at 1027. To the

3    contrary, the mediation process conducted with the assistance of Judge Infante, discussed above,

4    validates the non-collusive nature of the Settlement. *See Adams v. Inter-Con Sec. Sys., Inc.*, No. C-

5    06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) ("The assistance of an

6    experienced mediator in the settlement process confirms that the settlement is non-collusive.").

7              **7.      The Reaction of Class Members**

8              The overwhelmingly positive reactions from Class Members to the Settlement further

9    supports final approval. As of July 5, 2011, the Objection and Opt-Out Deadline, the parties have

10   received only 32 opt-outs and a ***single objection*** to the proposed Settlement – out of a Class of over

11   10,200 people. Sexton Decl., ¶¶4, 8-9.

12             The relatively low number of opt-outs and the single objection to this Settlement compares

13   favorably to the numbers of opt-outs and objections that other courts have considered when

14   approving similar settlements. *Rodriquez*, 563 F.3d at 967 (finding favorable reaction by class

15   members where of 376,301 putative class members who received notice, 54 submitted objections);

16   *Churchill Village*, 361 F.3d at 577 (finding favorable reaction by class members where of 90,000

17   putative class members who received notice, 45 submitted objections and 500 submitted opt-outs).

18   These numbers reflect a positive reaction from the Settlement Class that also weighs in favor of the

19   fairness of the Settlement. *See Hanlon*, 150 F.3d at 1027 ("the fact that the overwhelming majority

20   of the class willingly approved the offer and stayed in the class presents at least some objective

21   positive commentary as to its fairness").

22             The single objection lodged by Shirlene Tunney is not well-taken and does nothing to

23   undermine the Settlement. Tran Decl., Ex. 3, Tunney Objection. Ms. Tunney does not object to the

24   fact of, or the structure of, the Settlement; rather, she believes she should receive more than the

25   proposed 0.4% bonus for her surrendered annuity. *Id.*, Ex. 3, Tunney Objection. This objection is

26   tantamount to complaining that the Settlement should be "better," which courts have long held is not

27   a valid objection. *Hanlon*, 150 F.3d at 1027. Ms. Tunney does not recognize that settlements, by

28   their very nature, are the product of compromise and therefore tend to offer less than a full recovery.

1    *See also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).  Ms. Tunney's

2    objection is therefore insufficient to block final approval of the Agreement.

3    **V.    THE IMPLEMENTED NOTICE PROGRAM PROVIDES ADEQUATE
            NOTICE TO THE SETTLEMENT CLASS**

4
5           Pursuant to the Court's Order, the Settlement Administrator, CNO Services, LLC ("CNO"),

     implemented the approved Class Notice program, as detailed in the Sexton Declaration.  On May 16,
6
     2011, the Administrator sent Class Notice to 10,204 Class Members by first-class, pre-paid mail to
7
     the last known address based on Defendant's records.  Sexton Decl., ¶4.  Of the 10,204 direct notices
8
     that CNO mailed, only 568 were returned as undeliverable.  One was re-sent after CNO located the
9
     updated address. *Id.*, ¶5.  Thirty-eight notices were returned with a forwarding address, which CNO
10
     re-mailed to the addresses provided. *Id.*  CNO staffed and continues to staff a toll-free number
11
     established to field and respond to questions from Class Members regarding the Agreement, the
12
     process by which to submit a claim for the Enhanced Death Benefit, and objection and exclusion
13
     procedures. *Id.*, ¶6.
14
15          **A.    The Class Notice Provided the Best Practicable Notice, Including
                     Direct Notice, to All Identifiable Settlement Class Members**

16          The Class Notice satisfies the requirements that the notice be "reasonably calculated, under

17   all the circumstances, to apprise interested parties of the pendency of the action and afford them an

18   opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S.

19   306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).  In its Preliminary Approval Order, the Court

20   approved the Class Notice as the best practicable notice under the circumstances.  Preliminary

21   Approval Order, ¶8.  The Court also authorized the parties to establish the necessary means to

22   administer the Settlement in accordance with the terms of the Agreement. *Id.*, ¶6.  Thereafter, the

23   Settlement Administrator, under the guidance of the Parties, sent out the Class Notice, which

24   approximately 94.5% of the potential Settlement Class received the Notice Package.  This is more

25   than sufficient. *See, e.g.*, *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110-11 (10th Cir. 2001)

26   (Rule 23 and due process satisfied where 77% of class members received notice of settlement).

27
28

**B.     The Class Notice Adequately Informed Settlement Class Members of the Settlement**

Further, the substance of the Class Notice satisfies Rule 23(c)(2)(B).  To provide adequate notice of a class-action settlement, the notice should "'generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Village*, 361 F.3d at 575.  In addition, Rule 23(h)(1) requires that notice of Class Counsel's request for attorneys' fees must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1).  The Class Notice provides all of the requisite information.

Here, the Class Notice "clearly and concisely state[s] in plain, easily understood language" the nature of the action, the definition of the class certified, the class claims, issues and defenses, that a Class Member may enter an appearance through an attorney if he or she so desires, that the Court will exclude anyone from the Class who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on members under Rule 23(c)(3).  Agreement, Exhibit B. Further, the Class Notice appropriately informed Settlement Class Members of the terms of the Agreement, the maximum counsel fees and expenses that may be sought, and it explained that objectors would have an opportunity to be heard at the Fairness Hearing.  *Id.*  The Notice adequately and fairly apprises Class Members of the Settlement and their options with respect thereto.

**C.     The Class Notice Program Adequately Explained the Procedures to Request Exclusion or to Object**

Notice of a class action settlement should alert class members of the procedures to request exclusion or to object.  *See Manual for Complex Litigation* ("Manual"), §§21.312, 21.633 (4th ed. 2004).  The Class Notice here specifically explains what it means to opt out and how one excludes oneself from the proposed Settlement.  Agreement, Exhibit B.  The Class Notice also advises that it must be written and it includes the necessary information to include in the written request.  *Id.*  It further informed Class Members that they will be given an opportunity to be heard at the Fairness Hearing if they object to the settlement in writing.  *Id.*  Hence, the Class Notice provided to the Settlement Class fully apprised the Settlement Members of the procedures to request exclusion or to object.

**D.    The Class Notice Program Adequately Informed the Settlement Class Members of the Final Fairness Hearing**

Notice of a Final Fairness Hearing should inform the class that they can present their views on the settlement, as well as present arguments for and against the settlement, when the Court addresses the fairness, reasonableness, and adequacy of a proposed settlement.  *See* Manual, §§21.633, 21.634.  Here, the Class Notice informed Class Members of the details of the Final Fairness Hearing – that it will be held on August 12, 2011 (unless continued) with the precise address.  Agreement, Exhibit B.  As noted above, the Class Notice informed the Members that if they wanted to be heard, whether in person or by counsel, they needed to file a timely written objection in compliance with the Class Notice.  *Id.*  The Class Notice also provided a toll-free number at the bottom of each page for putative members to call with questions.  *Id.*  As such, the Court can conclude that the Notice adequately notified the Settlement Class Members of the Final Fairness Hearing to be held before the Court.

**VI.    CONCLUSION**

For the reasons set forth in detail above, Plaintiff respectfully moves the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for a final order and judgment: (1) certifying the Settlement Class; (2) granting final approval of the Agreement; (3) directing the entry of Final Judgment; and (4) dismissing the Action (including all individual and Class claims presented thereby) on the merits with prejudice.

DATED:  July 26, 2011                           Respectfully submitted,

                                                ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                                JOHN J. STOIA, JR.
                                                THEODORE J. PINTAR
                                                PHONG L. TRAN
                                                RACHEL L. JENSEN
                                                STEVEN M. JODLOWSKI


                                                        s/ Theodore J. Pintar
                                                _____
                                                THEODORE J. PINTAR

1

2          655 West Broadway, Suite 1900
           San Diego, CA  92101
3          Telephone:  619/231-1058
           619/231-7423 (fax)

4    DATED:  July 26, 2011          BARRACK, RODOS & BACINE
                                    STEPHEN R. BASSER
5                                   SAMUEL M. WARD

6

7                                        s/ Stephen R. Basser
                                    STEPHEN R. BASSER
8
                                    600 West Broadway, Suite 900
9                                   San Diego, CA  92101
                                    Telephone:  619/230-0800
10                                  619/230-1874 (fax)

11                                  Class Counsel

12

13                      **ECF CERTIFICATION**

14          The filing attorney attests that he has obtained concurrence regarding the filing of this

15   document from the signatories to this document.

16
     Dated:  July 26, 2011          By:   s/ Theodore J. Pintar
17                                        THEODORE J. PINTAR

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - C-05-04726-RMW          - 20 -

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on July 26, 2011, I authorized the electronic filing of the foregoing with

3 the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4 e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on July 26, 2011.

9

10                           s/ Theodore J. Pintar

                           THEODORE J. PINTAR

11                           ROBBINS GELLER RUDMAN

                             & DOWD LLP

12                           655 West Broadway, Suite 1900

                          San Diego, CA  92101-3301

13                           Telephone:  619/231-1058

                          619/231-7423 (fax)

14

15                           E-mail:  tedp@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 5:05-cv-04726-RMW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stephen R. Basser**
  sbasser@barrack.com,lnapoleon@barrack.com,cfessia@barrack.com

- **Thomas A. Doyle**
  Thomas.A.Doyle@bakernet.com

- **James J Dries**
  James.J.Dries@bakernet.com

- **Ingrid M. Evans**
  ingrid@evanslaw.com,jim@evanslaw.com,info@evanslaw.com

- **Howard D. Finkelstein**
  fk@classactionlaw.com

- **Andrew S. Friedman**
  afriedman@bffb.com,khonecker@bffb.com,rcreech@bffb.com,nvarner@bffb.com

- **Tod Lawrence Gamlen**
  tod.gamlen@bakermckenzie.com,robin.robledo@bakermckenzie.com,donna.brown@bakermckenzie.com,frances.say@bakermckenzie.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Mark L Karasik**
  Mark.L.Karasik@bakernet.com

- **Michael Colin McCutcheon**
  Michael.c.McCutcheon@bakernet.com

- **Theodore J. Pintar**
  TedP@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Patricia Nicole Syverson**
  psyverson@bffb.com,rcreech@bffb.com,nserden@bffb.com,tcarpenter@bffb.com,afriedman@bffb.com

- **Phong L. Tran**
  ptran@rgrdlaw.com,e_file_sd@rgrdlaw.com,csindac@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Michael D Thamer
Law Offices of Michael D.Thamer
12444 South Highway 3
Post Office Box 1568
Callahan, CA 96014-1568
```