*E-FILED - 8/12/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CONSECO INSURANCE CO. ANNUITY MARKETING & SALES PRACTICES LITIG. | No. C-05-04726-RMW |
| | CLASS ACTION |
| This Document Relates To: | [] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT |
| ALL ACTIONS. | |

593555_1

On August 12, 2011, this Court heard the motion of Plaintiff Friou P. Jones ("Class Representative" or "Plaintiff"), on behalf of himself and the Class as defined in the Settlement Agreement ("Agreement") filed April 19, 2011, for final approval of the class action Settlement reached with Defendants Conseco Insurance Company, Conseco Services, LLC, and Conseco Marketing, LLC (collectively "Defendants"). James J. Dries appeared as attorney for Defendants, and Phong L. Tran and Stephen R. Basser appeared as attorneys for Plaintiff and the Settlement Class. After considering the Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement ("Final Order") incorporates and makes part hereof: (a) the Parties' Agreement, filed April 19, 2011, including Exhibits A to E and Amendments "A" and "B" filed July 18, 2011; and (b) the Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and Setting of Fairness Hearing ("Preliminary Approval Order"). All defined terms in this Final Order shall have the same meanings as in the Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all Class Members. The Court has subject matter jurisdiction over the claims asserted in this Action to approve the Agreement and all exhibits attached thereto. Venue is proper. The Agreement and Settlement are fair, reasonable and adequate, and consistent and meet all applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class. The Court also finds that the Settlement resulted from numerous, arm's-length negotiations, including mediation in multiple sessions, and was concluded only after Plaintiff and Defendants conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiff's claims, as well as Defendants' defenses. The Court has considered and denied all objections filed in this Action. Accordingly, the Agreement is hereby finally approved.

5. The Court grants final certification, for settlement purposes only, of the following Settlement Class, as defined in §1.17 of the Agreement:

> Any person or trust who has not made a valid request for exclusion from the Settlement Class and who is, as of the Eligibility Date, or who was at the time of the Annuity's termination prior to the Eligibility Date, an Owner, as defined in this Agreement, of an Annuity, or a Beneficiary of a deceased Owner, provided that Defendants' records show that one of the Annuity's Owners as of the Eligibility Date is, or one of the Annuity's Owners at the time of termination was: (a) a natural person who was age 65 or older on the Annuity's date of issue; or (b) a trust, and at least one Annuitant was age 65 or older on the Annuity's date of issue; except that, "Class Member," "Class Members," and "Settlement Class," do not include a person or trust: (a) who is or was an Owner of an Annuity: (i) that was issued but not accepted or was returned to the Company as part of the exercise of the "free-look" provision in the Annuity or was otherwise rescinded; (ii) that was surrendered in full without incurring any Surrender Charge; (iii) that was Annuitized and the Annuity Payments have ceased; or (iv) that was owned by a natural person under age 65, and in which no person age 65 or older had an ownership interest at the time of purchase; (b) who signed a document that released any of the Defendants from any further claims concerning the Annuity; (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; (d) who is or was a member of the Board of Directors, an officer, shareholder or employee of Defendants at any time during the Class Period, as well as the parents, affiliates, legal representatives, attorneys, successors, or assigns of Defendants; (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; (f) who is a person or entity hired to administer the terms of the Settlement; and (g) which is a corporation or legal entity other than a trust or natural person.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions.

7. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Administrator mailed the Class Notice to each Class Member, no later than 28 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to his or her last known address. Members of the Settlement Class had the opportunity to object to the Settlement or to exclude themselves from the Settlement, and they were informed of the date, time, and location of the Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures afforded protections to Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

8. The Class Notice and all other instruments provided to Class Members:

    (a)    constituted the best practicable notice under the circumstances;

(b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

9. Class Counsel and the Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

10. The list of those persons who have requested exclusion from the Class in accordance with the terms of the Agreement and the Preliminary Approval Order has been filed with the Court and is hereby approved. Those persons are hereby excluded from the Class. The Court finds that it is a complete list of all Class Members who have timely requested exclusion from the Class. Accordingly, such Class Members shall neither share in nor be bound by this Final Order or the Agreement.

11. Class Counsel are hereby awarded attorneys' fees, expenses, and costs in the amount of $750,000 ("Class Counsel Payment"). This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Action and the administration of such Settlement. Class Counsel Payment shall be provided by Defendants to Robbins Geller Rudman & Dowd LLP and Barrack Rodos & Bacine in accordance with §8 of the Agreement. Class Counsel shall be responsible for distributing the Class Counsel Payment in their discretion and allocating such amounts.

12. If this Final Order or the accompanying Final Judgment of Dismissal with Prejudice ("Final Judgment") is reversed, vacated, modified and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance of this Final Order and the Final Judgment (other than on the issue of attorneys' fees and expenses), or if Defendants properly and timely terminate the Settlement in accordance with §9 of the Agreement, then Class

1  Counsel shall, within 30 days of such events, repay to Defendants the full amount of the Class
2  Counsel Payment.

3      13.    If the Class Counsel Payment is reduced after entry of this Final Order, then Class
4  Counsel shall, within 30 days of said event, repay to Defendants the amount by which the Class
5  Counsel Payment has been reduced.

6      14.    As a service award for participation as the Class Representative in the Action, the
7  Court awards Plaintiff the sum of $2,500. Defendants shall pay the service award in addition to any
8  benefits that Plaintiff is entitled to receive as a Class Member. Defendants shall pay the service
9  award within 10 days of the Final Settlement Date.

10      15.    Each and every Class Member who has not been excluded from the Settlement, the
11  Class Member's representatives, and/or all persons in active concert or participation with such Class
12  Members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining,
13  intervening in, participating in, conducting, or continuing, as class members or otherwise, any action,
14  including without limitation a class action (including by seeking to amend a pending complaint to
15  include class allegations or by seeking class certification in a pending action in any jurisdiction), in
16  any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any
17  benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction,
18  arising out of, based on, or relating to the claims, causes of action, facts, and/or circumstances
19  alleged in the Action and/or the Released Claims.

20      16.    The Release set forth in the Agreement in §7 is incorporated herein and effective as of
21  the date of this Final Order, and forever discharges the Released Parties from any claims or liabilities
22  arising from or related to the Released Claims.

23      17.    The Agreement is binding on, and has *res judicata* and preclusive effect in all
24  pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any
25  other Class Members, as well as their heirs, executors, personal representatives, conservators and
26  administrators, predecessors, successors and assigns, that allege Released Claims, as defined in the
27  Agreement.

28

18. None of the provisions of the Agreement, this Final Order, the Final Judgment, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order, the Final Judgment, or the Agreement, is, may be construed as, or may be used as an admission or concession by or against Defendants of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendants' denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order, Final Judgment, or the Agreement; provided, however, that this Final Order, Final Judgment, and the Agreement may be filed in any action against or by Defendants or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

19. Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by Defendants shall be deemed Confidential Material pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

20. Without affecting the finality of this Final Order for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and this Final Order, and for any other necessary purpose; provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 21 of this Final Order.  The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Agreement and the Settlement.

21. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and all exhibits attached thereto that are consistent with this Final Order, and do not limit the rights of Class Members under the Agreement.

IT IS SO ORDERED.

DATED: 8/12/11

/s/ *Ronald M. Whyte*
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
 & DOWD LLP
JOHN J. STOIA, JR.
THEODORE J. PINTAR
PHONG L. TRAN
STEVEN M. JODLOWSKI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
SAMUEL M. WARD
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/230-0800
619/230-1874 (fax)

Class Counsel